## COFFIN BROTHERS & COMPANY ET AL. *v.* BENNETT.

No. 465. Argued April 17, 1928.—Decided April 30, 1928.

*Messrs. G. Y. Harrell* and *R. S. Wimberly* submitted for plaintiffs in error.

*Mr. Orville A. Park,* with whom *Mr. Carl N. Davie* was on the brief, for defendant in error.

Mr. Justice Holmes delivered the opinion of the Court.

In July, 1926, the Richland State Bank, organized under the laws of the State of Georgia, closed its doors and turned its affairs over to the defendant in error, the Superintendent of Banks for the State. In the following September the Superintendent issued a notice to each of the plaintiffs in error that an assessment of 100 per centum on the par value of his stock was levied, as necessary to pay the depositors in full. These proceedings were under and in accordance with the Banking Act of Georgia, of 1919, as amended in 1925, codified in 12 Park's Annotated Code, § 2268(t). That section provides that if any stockholder notified shall neglect to pay the assessment the Superintendent shall issue an execution for the amount, to be enforced like other executions, " provided, however, that any stockholder shall have the right by affidavit of illegality, as in cases of affidavits of illegality to other executions, to contest his liability for such assessment and the amount and necessity thereof." In that case the affidavit and execution are to be returned to court for trial. The execution is made " a lien on all property of the defendant subject to levy and sale for the amount which shall be adjudged to be due thereon from the date of the issuance thereof by the Superintendent." The plaintiffs in error filed a petition in equity to enjoin the Superintendent from taking the next statutory steps, on the ground that the section was contrary to the

Fourteenth Amendment by denying to them due process of law. A general demurrer was sustained by the trial Court and by the Supreme Court of the State. 164 Ga. 350.

The objection urged by the plaintiffs in error seems to be that this section purports to authorize an execution and the creation of a lien at the beginning, before and without any judicial proceeding. But the stockholders are allowed to raise and try every possible defense by an affidavit of illegality, which, as said by the Supreme Court of Georgia, makes the so called execution ‘a mode only of commencing against them suits to enforce their statutory liability to depositors.’ A reasonable opportunity to be heard and to present the defence is given and if a defence is presented the execution is the result of a trial in Court. The Fourteenth Amendment is not concerned with the form. *Missouri ex rel. Hurwitz* v. *North,* 271 U. S. 40, 42. The fact that the execution is issued in the first instance by an agent of the State but not from a Court, followed as it is by personal notice and a right to take the case into court, is a familiar method in Georgia and is open to no objection. *Martin* v. *Bennett,* 291 Fed. Rep. 626, 630, 631. If the debtor does not demand a trial the execution does not need the sanction of a judgment, (see *Murray* v. *Hoboken Land & Improvement Co.,* 18 How. 272); the plaintiffs in error by becoming stockholders had assumed the liability on which they are to be held. *Bernheimer* v. *Converse,* 206 U. S. 516, 529.

As to the lien, nothing is more common than to allow parties alleging themselves to be creditors to establish in advance by attachment a lien dependent for its effect upon the result of the suit. We see nothing in this case that requires further argument to show that the decision below was right.

*Judgment affirmed.*