[S. F. No. 22705. In Bank. Jan. 30, 1970.]

ROBERT McCALLOP, Plaintiff and Respondent, v.
MATTHEW C. CARBERRY, as Sheriff, etc., Defendant and Appellant.

## COUNSEL

James C. Purcell for Defendant and Appellant.

Michael S. Zola, Steven J. Antler, Sidney M. Wolinsky, Kenneth Hecht and Michael D. Nasatir for Plaintiff and Respondent.

## OPINION

**BURKE, J.**—Upon plaintiff's complaint for declaratory and injunctive relief, alleging that in violation of due process requirements his wages had been attached prior to judgment and that additional levies were threatened,[1] the trial court issued its order to defendant sheriff to release all moneys held by virtue of prejudgment wage attachment and restraining defendant from any further prejudgment levies on wages. Defendant appeals.

As will appear, we have concluded that the trial court was correct in ruling that California's prejudgment wage garnishment procedure violates procedural due process under the rationale of the recent decision of the United States Supreme Court in *Sniadach* v. *Family Finance Corp.* (1969) 395 U.S. 337 [23 L.Ed.2d 349, 89 S.Ct. 1820]. The order will therefore be affirmed.

Plaintiff alleges in his complaint: In May 1969 an action was filed against plaintiff seeking to recover some $638 allegedly owing. Thereafter the sum of $96.87 was attached out of his wages at his place of employment, and additional levies on his wages remain yet to be executed, thereby depriving plaintiff of the immediate use of said wages and irreparably injuring him—all without affording plaintiff notice and opportunity for a prior hearing.

In *Sniadach* v. *Family Finance Corp., ibid,* the United States Supreme Court ruled that a prejudgment garnishment of wages levied under a Wisconsin statute constituted a taking of property in violation of procedural due process. As related in the opinion, respondent finance company had instituted a garnishment action against an alleged debtor (defendant) and her employer, as garnishee. The employer answered that it held wages of $63.18 earned by defendant, of which it would pay one-half to her and

---

[1]Plaintiff additionally alleged that he was also seeking relief on behalf of other persons similarly situated and was representing them as a class.

hold the other half under the garnishment.[2] The Wisconsin statute gave plaintiff 10 days in which to serve the summons and complaint on the defendant after the service on the garnishee by which the wages were "frozen." Although they could be unfrozen if the defendant won on the merits upon trial of the main suit, the opinion notes that "in the interim the wage earner is deprived of his enjoyment of earned wages without any opportunity to be heard and to tender any defense he may have, whether it be fraud or otherwise."

The court next declares that "Such summary procedure may well meet the requirements of due process in extraordinary situations. [Citations.[3]] But in the present case no situation requiring special protection to a state or creditor interest is presented by the facts; nor is the Wisconsin statute narrowly drawn to meet any such unusual condition. . . . In the context of this case the question is whether the interim freezing of the wages without a chance to be heard violates procedural due process.

"A procedural rule that may satisfy due process for attachments in general, see *McKay* v. *McInnes,* [1929] 279 U.S. 820 . . .[4] does not neces-

---

[2] The opinion notes in footnote 1 thereof that the Wisconsin statute directs a garnishee to pay "a subsistence allowance" out of wages then owing, of $25 to an employee without dependents or $40 to one with dependents, but in no event in excess of 50 percent of the wages owing.

[3] The opinion here cites the following cases, each of which rejects a due process attack:

*Fahey* v. *Mallonee* (1947) 332 U.S. 245, 253-254 [91 L.Ed. 2030, 2038-2039, 67 S.Ct. 1552], in which the Federal Home Loan Bank Administrator, without notice or hearing, appointed a conservator for a federal savings and loan association, who at once entered and took possession; the grounds were that the association was conducting its affairs in an unlawful, unauthorized and unsafe manner and jeopardizing the interests of its members, its creditors, and the public.

*Ewing* v. *Mytinger & Casselberry, Inc.* (1949) 339 U.S. 594, 598-600 [94 L.Ed. 1088, 1092-1094, 70 S.Ct. 870], in which multiple seizures of a food supplement product were made without notice or a hearing, under the federal Food, Drug and Cosmetic Act, on ground of mislabeling.

*Ownbey* v. *Morgan* (1921) 256 U.S. 94, 110-112 [65 L.Ed. 837, 845-846, 41 S.Ct. 433, 17 A.L.R. 873], in which a Delaware statute authorized the attachment of property located in the state belonging to a nonresident defendant and required the latter to post security prior to defending the action on its merits.

*Coffin Bros. & Co.* v. *Bennett* (1928) 277 U.S. 29, 31 [72 L.Ed. 768, 769, 48 S.Ct. 422], in which a Georgia statute authorized the superintendent of banks to issue a notice of assessment to the stockholders of an insolvent bank, and then to issue and levy an execution against any stockholder who neglected to pay, thereby creating a lien before any judicial proceeding; the stockholders were allowed to thereafter raise and try any defense claimed by them.

[4] In *McKay* v. *McInnes, supra,* a memorandum decision which cites *Ownbey* v. *Morgan, supra,* and *Coffin Bros. & Co.* v. *Bennett, supra* (see fn. 3, *ante*), the court affirmed the judgment of the Supreme Court of Maine in *McInnes* v. *McKay* (1928) 127 Me. 110 [141 A. 699], holding constitutional the Maine attachment statute in a case in which prejudgment attachment had been levied against defendant's real estate and his share interest in a corporation.

sarily satisfy procedural due process in every case. The fact that a procedure would pass muster under a feudal regime does not mean it gives necessary protection to all property in its modern forms. We deal here with wages— a specialized type of property presenting distinct problems in our economic system. . . .

"A prejudgment garnishment of the Wisconsin type is a taking which may impose tremendous hardship on wage earners with families to support. . . . Recent investigations of the problem have disclosed the grave injustices made possible by prejudgment garnishment whereby the sole opportunity to be heard comes after the taking. . . . The leverage of the creditor on the wage earner is enormous [if the wages are tied up by garnishment]. . . .

"[Also] it appears that in Wisconsin the statutory exemption granted the wage earner is 'generally insufficient to support the debtor for any one week.' "

The opinion then concludes: "The result is that a prejudgment garnishment of the Wisconsin type may as a practical matter drive a wage-earning family to the wall. [Fn. omitted.] Where the taking of one's property is so obvious, it needs no extended argument to conclude that absent notice and a prior hearing (cf. *Coe* v. *Armour Fertilizer Works* [1915] 237 U.S. 413, 423 . . .)[5] this prejudgment garnishment procedure violates the fundamental principles of due process."

The California law under which prejudgment attachment of wages is permitted (found in Code Civ. Proc.)[6] differs from the law of Wisconsin with respect to various of the objectionable elements of Wisconsin type wage attachments pointed out by the court in the *Sniadach* opinion.[7]

---

[5]In *Coe* v. *Armour Fertilizer Works, supra,* after an execution against a corporate judgment debtor was returned "no property," plaintiff, as permitted under the state statute, sued out an execution against one of the defendant's stockholders, based on his asserted indebtedness to the defendant on an unpaid stock subscription, and levied it on his realty—all without notice to the asserted stockholder-debtor. It was held that before a third party's property may be taken to pay a judgment against a corporation, based on grounds he is a stockholder and his subscription is unpaid, he is entitled "upon the most fundamental principles," to a day in court and a hearing.

[6]Section references herein are to the California Code of Civil Procedure, unless otherwise stated.

[7]For example, California requires that prior to causing a levy on defendant's earnings received for his personal services, plaintiff must file an affidavit with the levying officer that defendant has been served with a copy of the summons and the complaint in the action to recover on the alleged debt or (in case of the first levy on earnings) that defendant has been given an eight-day notice that attachment will issue on his earnings. (§ 690.11.) Thus, a wage attachment cannot be made absent knowledge by defendant of the filing of the action against him or of the impending attachment.

Also, under sections 690.11 and 540 of the Code of Civil Procedure one-half of a defendant's earnings received for his personal services rendered within 30 days prior

Nevertheless, it is clear that under the California statute one-half of a defendant's wages received for his personal services is subject to attachment prior to hearing upon the merits of the plaintiff's claims against defendant. And even if defendant succeeds in establishing that such one-half of his earnings is exempt under section 690.11, that one-half could be tied up for as long as 25 days pending determination of his claim of exemption. (See fn. 7, *ante.*) Meantime, while awaiting hearing upon the merits of plaintiff's prejudgment claims or upon defendant's claim of exemption of *all* his earnings, a defendant wage earner with a family to support could undergo the extreme hardship emphasized in *Sniadach.* We are persuaded that this type of prejudgment wage garnishment falls within the rationale of *Sniadach,* and must be held to constitute a taking of property in violation of procedural due process.[8]

The order appealed from is affirmed.

Traynor, C.J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., confirmed.

---

to levy are exempted, without the necessity of filing a claim for exemption; and in addition to that automatic exemption the other one-half of such earnings is likewise exempt if necessary for the support of himself or of his family residing in California unless the debts for which the levy is made were (a) incurred by defendant or his family for common necessaries of life, or (b) incurred for personal services rendered by any employee or former employee of defendant. (§ 690.11.) Provision is made for claim of exemption by defendant of the one-half of his earnings not automatically exempt, and for hearing thereon by the court; as much as 25 days could elapse between the filing of the claim of exemption and its determination. (§ 690.26.)

California also requires that before a writ of attachment issues plaintiff must file with the court an undertaking, with a least two sufficient sureties, to the effect that if defendant recovers judgment plaintiff will pay all costs awarded to defendant and all damages defendant may sustain by reason of the attachment, not exceeding the sum specified in the undertaking. (§ 539.) Additionally, defendant may avoid an attachment or secure its release by posting security sufficient to satisfy the demand against him or in an amount equal to the value of his property which has been or is about to be attached. (§ 540.)

[8]We note that the Supreme Court of Arizona has recently reached a similar conclusion with respect to the prejudgment wage garnishment provisions of an Arizona statute which the alleged creditor contended afforded a defendant protection consonant with due process. (*Termplan Inc.* v. *Superior Court of Maricopa County* (1969) 105 Ariz. 270 [463 P.2d 68].)