[S. F. No. 22679. In Bank. Jan. 30, 1970.]

BILL CLINE, Plaintiff and Appellant, v.
CREDIT BUREAU OF SANTA CLARA VALLEY et al.,
Defendants and Respondents.

## COUNSEL

William F. McCabe, Stephen Z. Meyers and Lucy K. McCabe for Plaintiff
and Appellant.

Dahl, Hefner, Stark & Marois and John D. Bessey for Defendants and
Respondents.

## Opinion

**BURKE, J.**—This case also involves the validity of California's prejudgment wage garnishment procedure. In plaintiff's complaint (amended) seeking declaratory and injunctive relief, he alleges that in an action filed against him seeking to recover some $295 allegedly owing, attachment of his wages at his place of employment was threatened in order to coerce him into paying; that if the wages are attached plaintiff and his family will be forced to exist at an income level below the minimum subsistence income necessary to support plaintiff's family, all before plaintiff has had an opportunity to be heard on the merits of the claims against him. Plaintiff prays judgment declaring California's prejudgment wage garnishment law unconstitutional; he also seeks prohibition and injunctive relief against issuance of an attachment writ. The trial court dismissed plaintiff's complaint on the ground that it failed to state a cause of action, and this appeal by plaintiff followed.

Thereafter *Sniadach* v. *Family Finance Corp.,* 395 U.S. 337 [23 L.Ed.2d 349, 89 S.Ct. 1820], was decided by the United States Supreme Court. As concluded in *McCallop* v. *Carberry, ante,* p. 903 [83 Cal.Rptr. 666, 464 P.2d 122], the prejudgment wage garnishment procedure attacked by plaintiff must be ruled invalid under the rationale of *Sniadach.* Accordingly, the judgment appealed from is reversed.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.