[L.A. No. 30027. In Bank. Jan. 16, 1973.]

MAXINE BROOKS, Petitioner, v.
THE SMALL CLAIMS COURT FOR THE DOWNEY JUDICIAL
DISTRICT OF LOS ANGELES COUNTY et al., Respondents;
MABEL E. PAGE et al., Real Parties in Interest.

662

## COUNSEL

Waldman, Kastner, Harrison & Wilson, Irwin Waldman and Sally Hart Wilson for Petitioner.

John D. Maharg, County Counsel, and Jeffrey H. Nelson, Deputy County Counsel, for Respondent.

No appearance for Real Parties in Interest.

## OPINION

**SULLIVAN, J.**—Petitioner Maxine Brooks seeks a writ of mandate to compel respondent courts to allow her to file a notice of appeal and to prosecute an appeal from an adverse judgment entered in respondent small claims court without being required to file the undertaking prescribed by law.[1] Essentially we must decide whether such requirement deprives petitioner of her property without due process of law.

The facts in brief are these. Real parties in interest Mabel E. Page and Mary B. Cozart (hereafter plaintiffs) brought an action against petitioner (hereafter defendant) in respondent small claims court to recover rent. At the commencement of the trial, defendant sought but was refused permission of the court to be represented by counsel. After a short trial, judgment was entered in favor of plaintiffs and against defendant in the amount of $133.34, together with costs in the sum of $9.20, for a total of $142.54.

Immediately after entry of judgment, defendant moved in respondent small claims court for leave to appeal therefrom without being required to file the undertaking prescribed by law on the ground that this requirement would unconstitutionally deprive her of property before she could obtain a due process hearing with right to representation by counsel. The motion was denied. Defendant then filed in respondent small claims court a timely notice of appeal but did not accompany that notice with the undertaking required by statute. The appeal was dismissed. Defendant thereupon filed the instant petition. ■ We issued an alternative writ of mandate. By so doing, "we have necessarily determined that there is no adequate remedy in the ordinary course of law and that [this] case is a proper one for the exercise of our original jurisdiction." (*Westbrook* v. *Mihaly* (1970) 2 Cal.3d 765, 773 [87 Cal.Rptr. 839, 471 P.2d 487], vacated on other grounds (1971) 403 U.S. 915 [29 L.Ed.2d 692, 91 S.Ct. 2224]; see *County of Sacramento* v. *Hickman* (1967) 66 Cal.2d 841, 845 [59 Cal. Rptr. 609, 428 P.2d 593]; Cal. Rules of Court, rule 56(a).)

We turn to the merits. Following judgment in a small claims action, the defendant may appeal to the superior court of the county in which the small claims court is held, and thereby obtain a trial de novo in the superior

---

[1]Petitioner intially sought the writ for the additional purpose of being relieved from the requirement of paying the filing fee prescribed by law. (See Code Civ. Proc., § 117j, Cal. Rules of Court, rules 152(a); 153 and in conjunction therewith rules 125(c) and 130(a).) At oral argument, however, petitioner abandoned her challenge to the filing fee requirement.

court. (Code Civ. Proc., § 117j.)[2] However, as a precondition to the appeal, the defendant must accompany the notice of appeal with an undertaking in the amount of the small claims judgment, together with interest due thereon, costs which may be awarded against the appellant on appeal and also the sum of $15 as an attorney fee. (§ 117*l*.)[3] In lieu of such undertaking,

---

[2] Section 117j provides: "The judgment of said court shall be conclusive upon the plaintiff. If the defendant is dissatisfied, he may appeal to the superior court of the county in which said court is held. He shall pay, for filing the papers in the superior court, the same fee as is charged and collected on the appeal of a civil action from a justice court, and if final judgment is rendered against him in such superior court, then he shall pay, in addition to said judgment, an attorney's fee to the plaintiff in the sum of fifteen dollars ($15). No fee shall be charged in the superior court upon the filing of any document or paper by the plaintiff in a small claims action."

Hereafter, unless otherwise indicated, all section references are to the Code of Civil Procedure.

[3] Section 117*l* provides in pertinent part:

"The notice of appeal shall be accompanied by a bond substantially in the following form:

"In the small claims court of . . . . . . . . . . . . . . . . . . . . . . . . . . . . ., County of
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ., State of California.)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . )
                                        vs.                            Plaintiff, )
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . )
                                                                 Defendant,

"WHEREAS the above-entitled court in the above-entitled action did on the . . . . . . day of . . . . . . . . . . . . . . . . , 19. . . ., enter judgment in favor of the plaintiff and against the defendant in the sum of . . . . . . . . . . . .. dollars (. . . . . . . . . . . .); and

"WHEREAS the defendant is about to appeal to the superior court of the State of California in and for the above-named county;

"Now, therefore, the undersigned do hereby undertake and promise that if said judgment is affirmed, in whole or in part, or the appeal from such judgment dismissed, then and in that event, the appellant will pay the amount directed to be paid by said judgment, or the part of such amount as to which the judgment is affirmed, if affirmed only in part, and all costs which may be awarded against appellant on appeal; and that if the appellant does not make such payment within 20 days after the entry by the clerk of said superior court of the modification or affirmation of said judgment or within such additional period as may be provided by rules of the Judicial Council, that then judgment may be entered, on motion of respondent, in his favor and against the undersigned sureties for such amount, together with the interest that may be due thereon, costs which may be awarded against the appellant on appeal and also the sum of fifteen dollars ($15) as an attorney fee.

"Dated this . . . . . . . . day of . . . . . . . . . . . . . . . . . . . . . , 19. . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ,. .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ,. .
                                                     Sureties.
" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"Notice of the filing of the undertaking on appeal must be given to respondent within five days after filing the same. Within five days after the service of such notice upon respondent the adverse party may except to the sufficiency of the sureties, and unless they or other sureties justify before the judge of said small claims court within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given."

he may deposit with the clerk of the court a sum equal to the amount of the judgment, plus costs, plus $25. (§ 117*ll*.)[4] These requirements are also incorporated by reference into California Rules of Court, rules 152(a) and 153.[5]

Defendant contends that the undertaking requirement unconstitutionally deprives her of her property before there has been a due process hearing with the right to counsel. In proceedings in the small claims court, neither party is entitled to representation by counsel. (§ 117g.)[6] It was asserted in *Prudential Ins. Co.* v. *Small Claims Court* (1946) 76 Cal.App.2d 379 [173 P.2d 38, 167 A.L.R. 820], that this denial of counsel violated due process. In holding that the right to counsel is preserved in this procedure, the court stated at page 382: "It is urged that depriving a litigant of the right of counsel is a violation of due process. There can be little doubt but that in both civil and criminal cases the right to a hearing includes the right to appear by counsel, and that the arbitrary refusal of such right constitutes a deprivation of due process. [Citations.] But that does not mean that the Legislature cannot create a small claims court where informal hearings may be held without the assistance of counsel, as long as the right to appear by counsel is guaranteed in a real sense somewhere in the proceeding. It is obvious that the plaintiff cannot object, although he has no right of appeal, because he has elected to commence the action in the small claims court. If he desires an attorney he can sue, even on these small claims, in the justices or municipal courts. The defendant has no legal cause for complaint because if he is dissatisfied with the judgment of the small claims

---

[4]Section 117*ll* provides: "In lieu of the undertaking provided for in Section 117*l* the appellant may deposit with the clerk of the court a sum of money in lawful money of the United States equal to the amount of the judgment, plus costs, plus twenty-five dollars ($25); and such deposit shall be equivalent to such undertaking."

[5]California Rules of Court, rule 152(a) provides: "An appeal from a judgment of a municipal or justice court in a small claims case is taken by filing with the clerk of the trial court a notice of appeal accompanied by the undertaking required by section 117*l* of the Code of Civil Procedure within 20 days after entry of judgment in the register of actions or docket. The notice shall be signed by the appellant or by his attorney and shall be sufficient if it states in substance that the appellant appeals from a specified judgment. A notice of appeal shall be liberally construed in favor of its sufficiency."

California Rules of Court, rule 153 provides: "Upon the filing of the notice of appeal and the undertaking required by section 117*l* or 985.5 of the Code of Civil Procedure and the payment of any fees required by law, the clerk of the trial court shall within five days transmit to the clerk of the superior court a certified copy of the entries in the register of actions or docket relating to the action, together with the pleadings, exhibits, notices, motions, other papers and documents filed in the action, the notice of appeal, and the undertakings filed."

[6]Section 117g provides in pertinent part: "No attorney at law or any other person than the plaintiff and defendant shall take any part in the filing or the prosecution or defense of such litigation in the small claims court."

court he has a right of appeal to the superior court where he is entitled to a trial de novo. [Citation.] In that court he and the plaintiff can, of course, appear by counsel. This satisfies the due process requirement."

In *Mendoza* v. *Small Claims Court* (1958) 49 Cal.2d 668 [321 P.2d 9], this court considered another attack upon small claims court procedure where that procedure was alleged to violate due process. There, plaintiff brought a proceeding in unlawful detainer in the small claims court. Section 117 at that time conferred jurisdiction upon small claims courts in unlawful detainer actions after a default in rent for residential property where the term of tenancy was not greater than month to month and where the whole amount claimed was $100 or less. This section was found to violate due process, since the defendant could be deprived of possession of his residence without having a hearing with the right to be represented by counsel. Although a statute (§ 1176) permitted the trial judge to stay proceedings upon the judgment pending appeal, the stay was merely discretionary.[7] Thus the defendant was not guaranteed a hearing with right to counsel prior to being dispossessed.

Since the decisions in *Prudential* and *Mendoza,* the concept of a "taking" has been extended significantly. Beginning with the United States Supreme Court ruling in *Sniadach* v. *Family Finance Corp.* (1969) 395 U.S. 337 [23 L.Ed.2d 349, 89 S.Ct. 1820], and continuing with California decisions interpreting *Sniadach,* this concept has been held to include even temporary deprivations of property. Thus in *Sniadach,* the high court ruled that the Wisconsin prejudgment garnishment procedure violated fundamental principles of due process: "They [the garnished wages] may, it is true, be unfrozen if the trial of the main suit is ever had and the wage earner wins on the merits. But in the interim the wage earner is deprived of his enjoyment of earned wages without any opportunity to be heard and to tender any defense he may have, whether it be fraud or otherwise." (*Id.* at p. 339 [23 L.Ed.2d at p. 352].)

This court has consistently applied the rationale of *Sniadach* to strike down summary procedures which deprive persons of their property pending a hearing. In *McCallop* v. *Carberry* (1970) 1 Cal.3d 903 [83 Cal.Rptr. 666, 464 P.2d 122], and *Cline* v. *Credit Bureau of Santa Clara Valley*

---

[7]Section 117j, *supra,* footnote 2, was amended in 1959 in response to the holding in *Mendoza.* It now provides for an automatic stay of the proceedings until the time for appeal expires or, if perfected, until the appeal is decided. Although the court in *Mendoza* did not deal with the constitutionality of the bond requirement, the amendment also provided that in such unlawful detainer actions the defendant need not file a bond pending appeal. (See Note, *1959 Legislation—Code of Civil Procedure, section 117j* (1959) 34 State Bar J. 624.)

(1970) 1 Cal.3d 908 [83 Cal.Rptr. 669, 464 P.2d 125], we held unconstitutional California's prejudgment wage garnishment statute because a person could be deprived of the immediate use of his wages without a due process hearing. Again, following the guiding principle of *Sniadach*, we voided California's claim and delivery procedure in *Blair* v. *Pitchess* (1971) 5 Cal.3d 258 [96 Cal.Rptr. 42, 486 P.2d 1242, 45 A.L.R.3d 1206]. We there emphasized that a definite taking occurred, even though it was only temporary: "This deprivation of property is a taking even though the defendant may later recover his property if he prevails at the ultimate trial on the merits and even though the plaintiff must post a bond. . . . [T]he 'property' of which a defendant is deprived by execution of claim and delivery process is the use of the disputed goods between their seizure and the final judgment. [Fn. omitted.] Neither the eventual recovery of the property nor the posting of a bond remedies this loss of the use of the property pending final judgment." (*Id.* at pp. 277-278.) A short time later in *Randone* v. *Appellate Department* (1971) 5 Cal.3d 536 [96 Cal.Rptr. 709, 488 P.2d 13], we overturned California's prejudgment attachment procedure, again noting that even temporary measures may constitute an impermissible taking. More recently, the United States Supreme Court, in *Fuentes* v. *Shevin* (1972) 407 U.S. 67 [32 L.Ed.2d 556, 92 S.Ct. 1983], reaching the same result as our decision in *Blair* v. *Pitchess, supra,* overturned the prejudgment replevin laws of Florida and Pennsylvania. █ ˙ The high court reaffirmed the principle that a temporary, nonfinal deprivation of property is nonetheless a "deprivation" in the terms of the Fourteenth Amendment, and that these deprivations must be preceded by a fair hearing. (*Id.* at p. 85 [32 L.Ed.2d at p. 572].)

In view of these decisions, it is manifest that the requirement of an undertaking in connection with an appeal from a judgment entered in a small claims court constitutes a taking of property prior to a due process hearing with right to counsel. The first opportunity for representation by counsel arises at the trial de novo after appeal. But the appeal is conditioned on the filing of an undertaking or the depositing of money in lieu thereof. If the defendant should secure an undertaking or bond (§ 117*l*) from a corporate surety (§ 1056), he would be deprived of the nonrefundable premium. Further, additional collateral is often required in order to qualify for a bond; although this can be recovered if defendant prevails on appeal, he is nevertheless deprived of its use in the meantime. Under *Sniadach* and its progeny (*McCallop, Cline, Blair, Randone* and *Fuentes*), this of course is a taking. If the defendant instead deposits money in lieu of an undertaking (§ 117*ll*), the same result follows. This deprivation is indeed a taking, in spite of its temporary nature. "Any significant taking of property

by the State is within the purview of the Due Process Clause. While the length and consequent severity of a deprivation may be another factor to weigh in determining the appropriate form of hearing, it is not decisive of the basic right to a prior hearing of some kind." (*Fuentes* v. *Shevin, supra,* 407 U.S. 67, 86 [32 L.Ed.2d 556, 573].) Because in the case before us the taking of property occurs prior to the trial de novo and, hence, prior to defendant's first opportunity to be represented by counsel, the procedure results in a denial of due process.

We feel that our decision in *Mendoza* furnishes strong support to defendant in the case at bench. There, we struck down the provision for a stay of the unlawful detainer proceedings because the discretion vested in the judge *might* be exercised so as to deprive a defendant of his property before representation by counsel. Here, such deprivation is an inevitable result, if defendant desires to appeal and obtain thereby a trial de novo with counsel. Therefore, we conclude that the undertaking or deposit requirement constitutes a taking of property, without a due process hearing with representation by counsel, and that such requirement is constitutionally impermissible.

Furthermore, we discern compelling policy reasons supportive of our conclusion. Although we are mindful of the important function which our small claims courts perform in the California judicial system, our attention has also been directed to certain trends that have been manifested in the type of litigants availing themselves of these special forums. Empirical studies have shown a proportionately greater use of the small claims procedure by institutional creditors than by individual creditors.

For example, in an empirical study made of the Oakland-Piedmont-Emeryville small claims court in 1963, it was found that only 34.7 percent of the plaintiffs were individuals. The class of plaintiffs further broke down as follows: proprietorship, 16.8 percent; corporation, 28.5 percent; and governmental agency, 20 percent. Conversely, the type of defendant almost invariably was an individual: individual, 85.7 percent; proprietorship, 8.8 percent; corporation, 3.4 percent; governmental agency, 0.3 percent; and other, 1.8 percent. This study also found 89.5 percent of all judgments entered were in favor of the plaintiff. (Comment, *The California Small Claims Court* (1964) 52 Cal.L.Rev. 876, 893-894.) Similar figures, developed in a more recent survey of rural small claims courts, revealed that the burden on the individual was not confined to urban communities. (Note, *The Persecution and Intimidation of the Low-Income Litigant as Performed by the Small Claims Court in California* (1969) 21 Stan.L.Rev. 1657, 1659-1661.)

These studies indicate that the institutional creditor, rather than the ordinary individual claimant, is more likely to avail itself of the small claims court. The monetary limit has now been increased to $500 (§ 117). Additionally, section 396 permits waiver of the amount of the demand in excess of $500 in order to sustain jurisdiction. "Even a party who asserts a demand for more than the jurisidictional limits of a small claims court will often benefit financially by sacrificing part of the claim to avoid the expense and delay of prosecution through municipal or justice courts." (*Skaff* v. *Small Claims Court* (1968) 68 Cal.2d 76, 77, fn. 1 [65 Cal.Rptr. 65, 435 P.2d 825].) All of these factors would seem to make the small claims court increasingly attractive to the institutional creditor-claimant. In addition, such type of creditor has frequently employed the rules of venue so as to bring an action at great distances from the residence of the defendant. This contributes significantly to the number of defaults entered.[8]

Furthermore, in many instances, the institutional creditor has a large and constant volume of claims, repeatedly invokes the jurisdiction of the small claims courts, and inevitably becomes proficient in this type of litigation. It is only natural, then, that such a claimant will have a decisive advantage over the individual defendant participating in perhaps his first and only courtroom proceeding. This advantage may be compounded if the institutional creditor is a corporation. Since a corporation must appear by someone, it is possible for it to do so by a proper representative (*Prudential Ins. Co.* v. *Small Claims Court, supra,* 76 Cal.App.2d 379, 386) who may have legal training but at the same time will not fall within the statutory restriction on appearance by attorneys.[9] Thus section 117g, the very provision designed to aid the poor litigant (whether plaintiff or defendant) by maintaining overall equality between the competing parties, seems to work to that party's disadvantage in these instances. Consequently, since small claims actions often involve the inexperienced individual defendant facing the experienced institutional creditor plaintiff, the small claims procedure should provide the defendant access to counsel without being required to first file an undertaking.

By this analysis we do not intend to demean the important function that the small claims court system serves. We are well aware of the careful and conscientious disposition of the large volume of claims by judges of

[8]See Comment, *The California Small Claims Court, supra,* 52 Cal.L.Rev. 876, 889; cf. *Barquis* v. *Merchants Collection Assn.* (1972) 7 Cal.3d 94 [101 Cal.Rptr. 745, 496 P.2d 817].

[9]Section 117g; see Comment, *Small Claims Courts and the Poor* (1969) 42 So.Cal.L.Rev. 493, 497.

those courts. Our holding today is not intended to reflect in any way upon this aspect of our judicial system. As we have explained, it deals rather with an infirmity in the system itself which we are obligated to rectify if in the light of constitutional principles the small claims litigant is to be assured a due process hearing.

Respondent courts rely heavily upon defendant's failure to seek in forma pauperis status from respondent superior court. They claim that, had this been done, such court could have waived the undertaking requirement for her appeal. Conversely, it is argued, if she is not indigent and so cannot qualify for in forma pauperis status, then there can be no showing that the undertaking requirement is in any way onerous as to her. However, this argument totally ignores the key constitutional issue before us: Is the undertaking requirement a taking of property in violation of due process? It is immaterial that a defendant can afford to be deprived of his property, or that other means are available to alleviate his situation. Denial of due process affects the rich as well as the poor.

Respondents also argue that the undertaking requirement is clearly de minimis. Yet this cannot be realistically asserted with the jurisdictional limit now at $500. Indeed, in *Sniadach* and its California progeny the sums involved ranged as low as $63.18[10]—a figure much less than that involved here.

It is also contended that *Sniadach* and the California cases are distinguishable in that they involved a disadvantaged or dispossessed litigant who was being deprived of substantial property rights by large corporations or by governmental agencies. This argument is also without merit. The cited cases based their decisions not upon some special status of the plaintiffs, but upon the unconstitutional operation of the statutes sought to be enforced. Thus individual plaintiffs are as much bound by the constitutional dictates of these decisions as are corporate entities or governmental agencies.

Respondent courts also present certain policy arguments in support of the statutory undertaking requirement. They claim that since the abolition of this requirement would enable all defendants to obtain a trial de novo, small claims plaintiffs would be confronted with a dilemma. If they continued the proceedings, the costs would rise significantly; the only alternative would be to abandon the actions. Since the costs of litigation would

---

[10]The breakdown is as follows: *Sniadach*, $63.18; *McCallop*, $96.87; *Cline*, $295; *Randone*, $176.20. In *Blair* there was no amount in controversy because the plaintiffs had brought suit to secure an injunction restraining execution of the provisions of the claim and delivery law.

be too burdensome, debts like the one involved here would then become practically uncollectible. Once this occurs, so the argument runs, landlords would be compelled to require larger security deposits, and thus all tenants would ultimately suffer. This reasoning, however, is very similar to that which this court rejected in *Blair* v. *Pitchess, supra,* 5 Cal.3d 258, 278, and in *Randone* v. *Appellate Department, supra,* 5 Cal.3d 536, 555-557. The mere assertion that these debts will become uncollectible cannot overcome the strong constitutional defects in the present appeal procedure.

Finally, respondents assert that the realities and desirability of the small claims procedures should overcome the arguments raised by defendant. But once again it must be emphasized that the constitutional question is the overriding issue presented, and can only be subverted by compelling policy arguments. Such is not the case here. Further, only one aspect of this procedure—the undertaking requirement—will now be eliminated. Its absence should not have such a devastating effect upon the system as a whole that it would cease to function smoothly.

In sum we hold that the requirements of an undertaking as prescribed in section 117*l* and of a deposit in lieu of such undertaking as prescribed by section 117*ll* are unconstitutional since they constitute a taking of property without due process of law. To the extent that they implement such requirements, we also hold that rules 152(a) and 153 of the California Rules of Court similarly offend due process.

Let a peremptory writ of mandate issue as prayed.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., and Burke, J., concurred.