## DEPARTMENT OF MOTOR VEHICLES OF CALIFORNIA *v.* RIOS

No. 72–686.   Decided February 26, 1973

PER CURIAM.

Petitioner, a California motorist, was involved in an automobile collision on March 18, 1971.  Both drivers filed accident reports with the California Department of Motor Vehicles as required by the California Financial Responsibility Laws.  Without affording petitioner a hearing on the question of potential liability, and based solely on the contents of the accident reports, the Department found that there was a reasonable possibility that a judgment might be recovered against petitioner as a result of the accident.  Since petitioner was uninsured and could not deposit security, his license was suspended.  The Supreme Court of California reversed, holding that prior to suspension "a hearing is required and that at such a hearing the licensee is entitled to review the reports or other evidence upon which the department contemplates determining that he is possibly responsible for the accident, and to present reports or testimony to establish his claim of nonculpability, all within reasonable due process procedures which the department may employ." *Rios* v. *Cozens,* 7 Cal. 3d 792, 799, 499 P. 2d 979, 984 (1972).

We are unable to determine, however, whether the California Supreme Court based its holding upon the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, or upon the equivalent provision of the California Constitution, or both. In reaching its result in this case, the California court relied primarily upon this Court's decisions in *Bell* v. *Burson,* 402 U. S. 535 (1971), and *Jennings* v. *Mahoney,* 404 U. S. 25 (1971), but also cited its own decisions in *Randone* v. *Appellate Department,* 5 Cal. 3d 536, 488 P. 2d 13 (1971); *Blair* v. *Pitchess,* 5 Cal. 3d 258, 486 P. 2d 1242 (1971); *McCallop* v. *Carberry,* 1 Cal. 3d 903, 464 P. 2d 122 (1970), and *Cline* v. *Credit Bureau of Santa Clara Valley,* 1 Cal. 3d 908, 464 P. 2d 125 (1970), which apparently were premised upon both the state and federal provisions. In addition, the court in *Rios* specifically overruled its own prior decisions in *Orr* v. *Superior Court,* 71 Cal. 2d 220, 454 P. 2d 712 (1969), and *Escobedo* v. *State of California,* 35 Cal. 2d 870, 222 P. 2d 1 (1950), which had upheld the procedures here under attack under both the state and federal provisions. Thus, as in *Mental Hygiene Dept.* v. *Kirchner,* 380 U. S. 194, 196–197 (1965), "[w]hile we might speculate from the choice of words used in the opinion, and the authorities cited by the court, which provision was the basis for the judgment of the state court, we are unable to say with any degree of certainty that the judgment of the California Supreme Court was not based on an adequate and independent nonfederal ground." We therefore grant the State of California's petition for certiorari, vacate the judgment of the Supreme Court of California, and remand the cause to that court for such further proceedings as may be appropriate. *California* v. *Krivda,* 409 U. S. 33 (1972); *Mental Hygiene Dept.* v. *Kirchner, supra; Minnesota* v. *National Tea Co.,* 309

U. S. 551 (1940); *State Tax Comm'n v. Van Cott,* 306 U. S. 511 (1939).

*It is so ordered.*

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BRENNAN, MR. JUSTICE STEWART, and MR. JUSTICE MARSHALL concur, dissenting.

The Court is quite correct in saying that we have vacated and remanded cases from state courts which we took by way of appeal or certiorari, when we were uncertain whether the judgment rested on state or federal grounds. But *Minnesota v. National Tea Co.,* 309 U. S. 551, shows how unhappy that practice is.[1] Yet, even assuming it is the proper procedure, we should not use it to determine whether we should take a case. No case from a state court can properly reach here until and unless a federal question is presented. Our Rule 19 (1)(a) states as a standard for granting certiorari from a state court the following:

> "Where a state court has decided a federal question of substance not theretofore determined by this court, or has decided it in a way probably not in accord with applicable decisions of this court."

The Court in *Commercial Bank v. Buckingham's Executors,* 5 How. 317, 341, said that it was not enough

---

[1] On remand the Supreme Court of Minnesota said:

"If we were in error, then assuredly the opportunity to be set aright should be cheerfully and thankfully accepted. Having so reëxamined them, we conclude that our prior decision was right. There is no need of further discussion of the problems presented for the former opinion adequately covers the ground. We think that the section of the statute here involved (L. 1933, c. 213, § 2 [b], 3 Mason Minn. St. 1936 Supp. § 5887–2 [b]), is violative of the uniformity clause of our own constitution." *National Tea Co. v. State,* 208 Minn. 607, 608, 294 N. W. 230, 231.

that a federal question had been presented to the state court but that "it must appear, by clear and necessary intendment, that the question must have been raised, and must have been decided, in order to induce the judgment." In *Brown* v. *Atwell,* 92 U. S. 327, 329, the Court ruled that it must appear that the decision of a federal question "was necessary to the determination of the cause, and that it was actually decided, or that the judgment as rendered could not have been given without deciding it."

We have at times vacated and remanded prior to our decision to take or deny or to note or dismiss a case, so that the record can be clarified. See *Honeyman* v. *Hanan,* 300 U. S. 14, 25–26.

But we know in this case that a federal question was presented and ruled upon. We know that a state question was also presented and ruled upon. Where arguably "the judgment of the state court rests on two grounds, one involving a federal question and the other not," *Lynch* v. *New York,* 293 U. S. 52, 54, we do not take the case.

The ruling of the Supreme Court of California in the present case involving the revocation of a driver's license without a hearing, was as follows:

> "Petitioner relies on numerous recent cases in which the United States Supreme Court and this court have recognized that an individual is constitutionally entitled to a hearing prior to being deprived of a significant interest. (*Goldberg* v. *Kelly* (1970) 397 U. S. 254, 266; *Sniadach* v. *Family Finance Corp.* (1969) 395 U. S. 337, 342; *Randone* v. *Appellate Department* (1971) 5 Cal. 3d 536, 547.) This principle is applicable to a plethora of vital personal and property rights (see *Randone* v. *Appellate Department, supra,* 5 Cal. 3d 536, 548, fn. 8), but it has most frequently been applied in this state to in-

validate statutes affording a creditor prejudgment remedies against a debtor without prior notice or hearing (see e. g., *Blair* v. *Pitchess* (1971) 5 Cal. 3d 258; *McCallop* v. *Carberry* (1970) 1 Cal. 3d 903; *Cline* v. *Credit Bureau of Santa Clara Valley* (1970) 1 Cal. 3d 908).

"The rule explicated in foregoing cases is applicable to the instant circumstances." 7 Cal. 3d 792, 795, 499 P. 2d 979, 981.

It seems plain that the California Supreme Court decision rested on both federal and state grounds and therefore that the requisite showing of the presence of a controlling federal question which has been on the books since the first Judiciary Act, 1 Stat. 73, 85, has not been made.[2]

The opinion of the Supreme Court of California written by Justice Mosk was agreed to by all. It makes clear that both state and federal grounds were the basis of the judgment. The International Court of Justice that has only a case or two a Term might be tempted to seek a larger docket. Ours is already large; and it hardly comports with the messages of distress which have emanated from here for us to seek to gather in more cases that from the beginning have been sparsely and discretely selected

---

[2] Title 28 U. S. C. § 1257 presently provides as to certiorari:

"Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court as follows:

.        .        .        .

"(3) By writ of certiorari, where the validity of a treaty or statute of the United States is drawn in' question or where the validity of a State statute is drawn in question on the ground of its being repugnant to the Constitution, treaties or laws of the United States, or where any title, right, privilege or immunity is specially set up or claimed under the Constitution, treaties or statutes of, or commission held or authority exercised under, the United States."

from the state domain. *Cohens* v. *Virginia,* 6 Wheat. 264, raised a storm of protest against federal intrusion on state rights that has not yet subsided. *Minnesota* v. *National Tea Co., supra,* taught me that it is wise to insist that cases taken from a state court be clearly decided on a federal ground and not, as here, on both state and federal grounds, save where the state and federal questions are so intertwined as to make the state ground not an independent matter. See *Enterprise Irrigation District* v. *Canal Co.,* 243 U. S. 157, 163–165.

I would deny this petition for certiorari.