[No. B156151. Second Dist., Div. Six. Sept. 30, 2002.]

MARTIN A. MARQUEZ, Plaintiff and Appellant, v.
STEVEN GOURLEY, as Director, etc., Defendant and Respondent.

## COUNSEL

Ronald A. Jackson for Plaintiff and Appellant.

Bill Lockyer, Attorney General, Elizabeth Hong and Domini Pham, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**PERREN, J.**—A driver's license is suspended for operating a motor vehicle with a blood-alcohol level of 0.08 percent or more. On this appeal, we conclude he may not seek judicial review of the Department of Motor Vehicles' (DMV) automatic review of his suspension under Vehicle Code section 13557.[1] A driver who wishes to obtain judicial review of a suspension decision must first request an administrative hearing before the DMV under section 13558.

Martin A. Marquez appeals from a judgment sustaining a demurrer to his petition for a writ of mandate challenging the DMV's suspension of his driver's license under sections 13353.2 and 13557. The trial court sustained the demurrer on the ground that appellant failed to exhaust his administrative remedies prior to seeking judicial review by requesting an administrative hearing pursuant to section 13558. Appellant contends that his failure to request a section 13558 hearing does not preclude him from obtaining judicial review of the DMV's decision to suspend his license following its automatic review under section 13557. We disagree and, accordingly, affirm.

### FACTS AND PROCEDURAL HISTORY

Appellant was arrested for driving with a blood-alcohol level of 0.08 percent or more on August 4, 2001. At the time of his arrest, he was served with notice of the order of suspension of his driver's license pursuant to section 13353.2, subdivisions (b) and (c), which informed him that he had 10 days from receipt of the notice to request a hearing. Appellant did not request a hearing. On October 15, 2001, he filed a petition for writ of mandate to set aside and revoke the suspension of his license. Respondent demurred on the ground that appellant had failed to exhaust his administrative remedies by requesting a hearing under section 13558. The trial court sustained the demurrer without leave to amend, and entered judgment accordingly. This appeal followed.

---

[1] All statutory references are to the Vehicle Code unless otherwise stated.

## DISCUSSION

A driver served with a DMV suspension notice may contest the suspension by requesting an administrative hearing. (§§ 13558, 14100, subd. (a).) If the DMV determines after a hearing that the suspension is warranted, it shall notify the driver of the right to seek judicial review within 30 days of notice pursuant to section 13559. (§ 13558, subd. (f).) Judicial review under that section "shall be on the record of the hearing and the court shall not consider other evidence." (§ 13559, subd. (a).)

In the absence of a request for a hearing, the DMV automatically reviews the merits of the suspension. (§ 13557.) ▇ Appellant contends that his failure to request a section 13558 hearing to contest his license suspension does not bar him from obtaining judicial review of the DMV's decision to suspend his license following its automatic review under section 13557. We disagree.

▇ It has long been the law in this state that "where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act." (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 292 [109 P.2d 942, 132 A.L.R. 715]; *Styne v. Stevens* (2001) 26 Cal.4th 42, 56 [109 Cal.Rptr.2d 14, 26 P.3d 343]; *Sierra Club v. San Joaquin Local Agency Formation Com.* (1999) 21 Cal.4th 489, 495 [87 Cal.Rptr.2d 702, 981 P.2d 543].) This exhaustion requirement "is a jurisdictional prerequisite, not a matter of judicial discretion." (*Yamaha Motor Corp. v. Superior Court* (1986) 185 Cal.App.3d 1232, 1240 [230 Cal.Rptr. 382]; *Abelleira*, at p. 293.) ▇ Appellant does not dispute the contested hearing procedure available under section 13558 is an administrative remedy that he did not exhaust prior to seeking judicial review. He rather contends that the DMV's automatic review under section 13557 is an "alternative" administrative remedy that he passively exercised by failing to request a hearing, and that the DMV's decision to uphold his license suspension following that review is subject to judicial review by ordinary mandamus (Code Civ. Proc., § 1085). The review procedure under section 13557, however, does not provide a remedy at all. The DMV reviews the suspension pursuant to that section only if the driver declines to contest the suspension by requesting a hearing. (§ 13557, subd. (e).)

Appellant further argues that since he was not *required* to request a section 13558 hearing, his failure to do so cannot provide the basis for a finding that he failed to exhaust his administrative remedies. The law is to the contrary. Exhaustion of administrative remedies is a jurisdictional prerequisite to

judicial review of an administrative decision, "even though the administrative remedy is couched in permissive language; an aggrieved party is not required to file a grievance or protest if he does not wish to do so, but if he does wish to seek relief, he must first pursue an available administrative remedy before he may resort to the judicial process. [Citation.]" (*Yamaha Motor Corp. v. Superior Court, supra*, 185 Cal.App.3d at p. 1240.)

Appellant's reliance on *Sierra Club v. San Joaquin Local Agency Formation Com., supra*, 21 Cal.4th 489, is misplaced. In that case, the Sierra Club and others filed a mandamus petition challenging a local agency formation commission's (LAFCO) approval of a city's annexation of property for a real estate development. (*Id.* at p. 494.) The trial court dismissed the petition on the ground that the objectors had failed to request reconsideration before the LAFCO as provided in Government Code section 56857, subdivision (a), and the Court of Appeal affirmed. (*Sierra Club*, at pp. 494-495.) The Supreme Court reversed, noting that subdivision (a) of Government Code section 56857 merely provides that an adverse party "may" request reconsideration of an adverse LAFCO decision, and that "[n]othing in the statutory scheme explicitly states that an aggrieved party must seek rehearing prior to filing a court action." (*Sierra Club*, at p. 495.) The court reasoned that "[a]t the most basic level, when a party has been given ostensibly permissive statutory authorization to seek reconsideration of a final decision, that he or she is affirmatively *required* to do so in order to obtain recourse to the courts is not intuitively obvious. Even to attorneys, the word 'may' ordinarily means just that. It does not mean 'must' or 'shall.'" (*Id.* at p. 499.) The court further reasoned that reconsideration by the administrative body would not further the purpose of the exhaustion requirement because "the administrative record has been created, the claims have been sifted, the evidence has been unearthed, and the agency has already applied its expertise and made its decision as to whether relief is appropriate. The likelihood that an administrative body will reverse itself when presented only with the same facts and repetitive legal arguments is small." (*Id.* at p. 501.) In so holding, the court overruled *Alexander v. State Personnel Bd.* (1943) 22 Cal.2d 198 [137 P.2d 433], to the extent it held that a party aggrieved by an administrative decision must always pursue available procedures for rehearing or reconsideration before the administrative body prior to seeking judicial review. (*Sierra Club*, at p. 510.)

Neither the reconsideration procedure at issue in *Sierra Club*, nor the Supreme Court's rationale for excusing further administrative review under the circumstances in that case, applies here. Appellant did not seek *any* administrative review, and the review automatically conducted by the DMV under section 13557 is substantially different from that which would have

taken place had appellant exercised his right to a hearing. The DMV's automatic review was limited to the arresting officer's sworn report and any evidence accompanying it. (§ 13557, subd. (a).) Had appellant demanded a contested hearing, "the universe of potentially available evidence [would have been] enlarged" to include, among other things, sworn testimony. (*Lake v. Reed* (1997) 16 Cal.4th 448, 458 [65 Cal.Rptr.2d 860, 940 P.2d 311]; §§ 13558, subd. (b), 14104.7.) Furthermore, the admissibility of such evidence would have been governed by the relatively liberal rules that apply to administrative hearings. (*Lake,* at p. 458; Gov. Code, § 11513, subd. (c).) Appellant thus cannot be heard to complain that the evidence was insufficient to support the suspension decision. Even if the sworn report and any evidence accompanying it were subject to objection, appellant did not raise those objections before the administrative body. Under the circumstances, the general exhaustion requirement bars him from seeking judicial review of the administrative decision. (*Abelleira v. District Court of Appeal, supra,* 17 Cal.2d at p. 292; *Sierra Club v. San Joaquin Local Agency Formation Com., supra,* 21 Cal.4th at p. 495.)

Appellant also argues that because the DMV's decision to uphold the suspension of his license after its automatic review pursuant to section 13557 is final (§ 13353.2, subd. (d)), he must be deemed to have exhausted his administrative remedies. ██ But, as he recognizes, finality does not equal exhaustion: " 'The question whether administrative remedies must be exhausted is conceptually distinct . . . from the question whether an administrative action must be final before it is judicially reviewable. . . . [T]he finality requirement is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue . . . [, while] the exhaustion requirement generally refers to administrative and judicial procedures by which an injured party may seek review of an adverse decision . . . .' " (*Action Apartment Assn. v. Santa Monica Rent Control Bd.* (2001) 94 Cal.App.4th 587, 610 [114 Cal.Rptr.2d 412].) The DMV's decision after its automatic review becomes final only if the driver fails to request a section 13558 hearing. (§ 13557, subd. (b)(2).)

██ Appellant also contends that section 14400 confers the right to seek judicial review of the DMV's decision to uphold a license suspension following its automatic review under section 13557, notwithstanding the failure to request a hearing. We are not persuaded. Section 14400 merely provides that "[n]othing in this code shall be deemed to prevent a review or other action as may be permitted by the Constitution and laws of this State by a court of competent jurisdiction of any order of the department refusing, canceling, suspending, or revoking the privilege of a person to operate a motor vehicle." This statute is merely intended to guarantee judicial review

where the DMV has acted without any opportunity for a hearing (see *Escobedo v. State of California* (1950) 35 Cal.2d 870, 876-877 [222 P.2d 1] [construing former § 317, now § 14400], overruled on other grounds in *Rios v. Cozens* (1972) 7 Cal.3d 792 [103 Cal.Rptr. 299, 499 P.2d 979], judg. vacated and cause remanded (1973) 410 U.S. 425 [93 S.Ct. 1019, 35 L.Ed.2d 398]), or where the DMV has reached a decision after an administrative hearing (see *Cameron v. Cozens* (1973) 30 Cal.App.3d 887, 888-889 [106 Cal.Rptr. 537]).

The judgment sustaining the demurrer to appellant's petition for writ of mandate is affirmed. Costs on appeal are awarded to respondent.

Yegan, Acting P. J., and Coffee, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 15, 2003.