[No. A066161. First Dist., Div. One. May 3, 1995.]

DENNIS R. TYLER, Plaintiff and Appellant, v.
COUNTY OF ALAMEDA et al., Defendants and Respondents.

COUNSEL

Brown & Kleman, David W. Brown and David M. Olenczuk for Plaintiff and Appellant.

Kelvin H. Booty, Jr., County Counsel, and Kathy E. Mount, Deputy County Counsel, for Defendants and Respondents.

OPINION

DOSSEE, J.—In this lawsuit, plaintiff challenges the new statutory procedure for contesting parking tickets. Two issues are presented: (1) May the contestant constitutionally be required to pay the parking penalty before an administrative hearing is held? (2) May the contestant lawfully be required to pay a fee of $25 to defray the costs of administrative review?

*Legal Background*

In 1992 the Legislature substantially changed the way parking violations are handled. No longer are parking violations treated as infractions within the criminal justice system; instead, they are treated as civil offenses subject to civil penalties and administrative enforcement. (Veh. Code, §§ 40200, 40203.5, subd. (b).)[1]

The Legislature has provided for a two-step process when a person questions his or her notice of a parking violation (parking ticket). First, within 21 days of the issuance of the ticket the person may request review by

---

[1]Unless otherwise noted, all statutory references are to the Vehicle Code.

the processing agency. (§ 40200.7.) The processing agency must then conduct an investigation, either with its own staff or by the issuing agency. (§ 40215, subd. (a)(1).) If the person is not satisfied with the results of this initial review, he or she may then request "administrative review," consisting of a hearing before an examiner. (§§ 40200.7, 40215, subds. (a)(2) & (b).) The request for administrative review must be made within 15 days following the mailing of the results of the initial review and must be accompanied by a written explanation of the reasons for contesting the parking ticket plus a deposit of the full amount of the parking penalty. (§ 40200.7.)[2]

After exhausting this administrative review process, the contestant may obtain judicial review of the decision of the hearing examiner by filing an appeal in the justice or municipal court. (§ 40230.)

If the parking violator does not contest the parking ticket and does not pay the parking penalty, the processing agency may notify the Department of Motor Vehicles (DMV), and the DMV must then collect the unpaid penalties when the vehicle's registration is renewed. (§§ 4760, 40220, subd. (a).) In the alternative, if the violator has accumulated more than $400 in unpaid parking tickets, or if the vehicle's registration is not renewed, then proof of the unpaid parking tickets may be filed with the court with the same effect as a civil judgment. (§ 40220, subds. (b) & (c).)

---

[2] We note some confusion in the statutory scheme. Section 40200.7 states that following an initial review by the processing agency the person may "contest" the parking ticket through an administrative review process. According to section 40200.7, the initial review may be requested in writing, in person, or by telephone. The "contest," however, begins with the contestant's written explanation of the reasons for contesting the parking ticket (accompanied by a deposit of the penalty). Section 40215 also spells out two steps: first, an investigation and then administrative review. But, according to section 40215, subdivision (a), the investigation is to be conducted "with respect to the contestant's written explanation of reasons for contesting the parking violation." This is inconsistent with section 40200.7, which does not call for the explanation of reasons until after the initial review has been completed. Moreover, while section 40200.7 seems to distinguish between the initial review and the "contest," that distinction is lost in section 40215, subdivision (a), which calls for an investigation of the "*contestant's* written explanation of reasons . . . ."

It seems possible to interpret the entire statutory scheme as establishing a three-step process: an initial review; then an investigation of the reasons for contesting; and finally an administrative hearing. As noted, section 40200.7 seems to distinguish between the initial review and the "contest." Section 40205 states that the procedure for a "contest" is provided in section 40215. Arguably, then, the two-step "contest" procedure set out in section 40215 applies only after the preliminary step of the initial review.

As will be seen in the factual history below, however, the County of Alameda has interpreted the legislation as establishing a two-step process, and we have accepted that interpretation for purposes of this opinion.

## Factual and Procedural History

On January 8, 1994, plaintiff got a parking ticket issued by a deputy sheriff of Alameda County. The ticket indicated that plaintiff had parked in a bus zone and that the penalty for this parking violation was $250. Plaintiff submitted a timely request to the County of Alameda (County) for "initial administrative review," asserting that his car was next to, but not in, the bus zone. On January 31, 1994, the County sent plaintiff its notice of decision, finding no grounds to warrant cancellation of the parking ticket. The printed notice informed plaintiff that if he was not satisfied with the findings of this initial review he could contest the decision to a hearing officer by sending a written explanation of the reasons for contesting the decision plus the full amount of the parking fine and a $25 "processing fee."

Plaintiff then filed his complaint on his own behalf and on behalf of others similarly situated for injunctive and declaratory relief seeking to compel the County to proceed to an administrative hearing without prepayment of the parking penalty and without prepayment of the processing fee.

In opposition to plaintiff's motion for a preliminary injunction, the County submitted evidence of the procedures employed by the sheriff's department for handling parking tickets. The initial review is conducted by a sergeant in the sheriff's department; this sergeant is not the person who wrote the parking ticket. The sergeant reviews the complainant's written explanation and conducts whatever investigation is called for under the circumstances. If the complainant is not satisfied, he or she may seek administrative review conducted by a hearing officer, at which time the complainant may appear in person, present evidence, and cross-examine witnesses.

According to the County's evidence, the $25 "processing fee" is to help defray the costs of administering the second level of administrative review: (1) the time spent by sheriff's department personnel in scheduling the hearing and organizing the materials for the hearing officer; and (2) payment to the hearing officer for time spent in conducting the hearing. If the complainant prevails at the administrative hearing, both the processing fee and the parking penalty are refunded to the complainant.

The trial court denied plaintiff's motion for a preliminary injunction. Plaintiff appeals. By stipulation, enforcement of plaintiff's parking ticket has been stayed pending appeal.

### DISCUSSION

█ Upon a motion for a preliminary injunction the plaintiff must meet two basic requirements: (1) he must show he is likely to suffer greater

hardship from denial of the injunction than the defendant is likely to suffer from its grant; and (2) he must demonstrate a reasonable probability of success on the merits. (See *Robbins* v. *Superior Court* (1985) 38 Cal.3d 199, 206 [211 Cal.Rptr. 398, 695 P.2d 695].)

Ordinarily, an order denying a preliminary injunction will be reversed only for abuse of discretion. Here, however, it appears from the nature of the briefing submitted below that the trial court considered only the legal issue of likelihood of success on the merits. Thus, the appeal presents a question of law subject to de novo review by this court. (*Miller* v. *City of Hermosa Beach* (1993) 13 Cal.App.4th 1118, 1138 [17 Cal.Rptr.2d 408].)

## I. *Advance Payment of the Parking Penalty*

■ It is undisputed that a deposit of $250 in payment of the parking penalty is a deprivation of property, albeit temporary, which comes within the purview of the due process clause. (See *Brooks* v. *Small Claims Court* (1973) 8 Cal.3d 661, 667 [105 Cal.Rptr. 785, 504 P.2d 1249] [requirement of an undertaking before an appeal could be taken from small claims court].) The question, then, is not whether plaintiff is entitled to due process but, as it is often put, "what process is due."[3] (*Morrisey* v. *Brewer* (1972) 408 U.S. 471, 481 [33 L.Ed.2d 484, 494, 92 S.Ct. 2593]; *Leslie's Pool Mart, Inc.* v. *Department of Food & Agriculture* (1990) 223 Cal.App.3d 1524, 1531 [273 Cal.Rptr. 373].)

■ We begin with the basic proposition that, at a minimum, whenever property is taken due process requires some form of notice and a hearing. (E.g., *Kash Enterprises, Inc.* v. *City of Los Angeles* (1977) 19 Cal.3d 294, 307 [138 Cal.Rptr. 53, 562 P.2d 1302] [removal of offending newsracks]; *Merco Constr. Engineers, Inc.* v. *Los Angeles Unified Sch. Dist.* (1969) 274 Cal.App.2d 154, 165-169 [79 Cal.Rptr. 23] [statutory penalty upon prime contractor].) ■ Here, under the statutory procedure for contesting parking tickets, a hearing *is* provided—after the contestant has deposited the parking penalty. The question before us is whether the Constitution requires that the hearing be held *before* the contestant must pay the parking penalty.

■ The courts have long recognized that in limited cases where prompt action is necessary to protect the public health or welfare, an agency may take property without any advance hearing. (E.g., *North American Storage*

---

[3]Note that plaintiff does not raise an equal protection argument claiming discrimination on the basis of wealth. The statute expressly contemplates indigent contestants and requires the processing agency to establish a procedure for contesting parking tickets by persons who are financially unable to deposit the full amount of the parking penalty. (§ 40200.7.)

*Co.* v. *Chicago* (1908) 211 U.S. 306 [53 L.Ed. 195, 29 S.Ct. 101] [destruction of food believed to be unsafe]; *Fahey* v. *Mallonee* (1947) 332 U.S. 245 [91 L.Ed. 2030, 67 S.Ct. 1552] [seizure of bank to protect depositors]; *Ewing* v. *Mytinger & Casselberry* (1950) 339 U.S. 594 [94 L.Ed. 1088, 70 S.Ct. 870] [seizure of drugs believed to be mislabeled]; see also *State Savings etc. Bank* v. *Anderson* (1913) 165 Cal. 437 [132 P. 755], affd. 238 U.S. 611 [59 L.Ed. 1488, 35 S.Ct. 792] [seizure of unsafe bank]; *Simpson* v. *City of Los Angeles* (1953) 40 Cal.2d 271 [253 P.2d 464] [destruction of unclaimed dog]; *Carrera* v. *Bertaini* (1976) 63 Cal.App.3d 721, 728 [134 Cal.Rptr. 14] [seizure of contaminated food].)

When summary action is justified, due process is satisfied as long as there is a prompt postdeprivation hearing to review the agency's determination. (*Ewing* v. *Mytinger & Casselberry, supra,* 339 U.S. 594; cf. *Kash Enterprises, Inc.* v. *City of Los Angeles, supra,* 19 Cal.3d at p. 308; *Menefee & Son* v. *Department of Food & Agriculture* (1988) 199 Cal.App.3d 774, 781-783 [245 Cal.Rptr. 166].)

In *Goldberg* v. *Kelly* (1970) 397 U.S. 254 [25 L.Ed.2d 287, 90 S.Ct. 1011], the Supreme Court examined the constitutional validity of the New York program for aid to families with dependent children and general assistance benefits. Under that program aid could be terminated after a letter and an informal conference with a caseworker, but the recipient was not given an opportunity to present evidence or confront adverse witnesses; the recipient was afforded only a posttermination hearing with judicial review. The Supreme Court held the absence of an evidentiary hearing *before* terminating the benefits was a denial of procedural due process.

Later, however, in *Mathews* v. *Eldridge* (1976) 424 U.S. 319 [47 L.Ed.2d 18, 96 S.Ct. 893], the court concluded that a postdeprivation hearing following termination of social security disability benefits satisfied due process. The *Mathews* court established a balancing test to be used to determine whether a predeprivation hearing is required. That balancing test requires the court to weigh three factors: "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." (424 U.S. at p. 335 [47 L.Ed.2d at p. 33].) "The ultimate balance

involves a determination as to when, under our constitutional system, judicial-type procedures must be imposed upon administrative action to assure fairness." (*Id.* at p. 348 [47 L.Ed.2d at p. 41].)[4]

The *Mathews* balancing test has since been employed in other cases involving relatively routine regulatory decisions. (E.g., *Mackey v. Montrym* (1979) 443 U.S. 1 [61 L.Ed.2d 321, 99 S.Ct. 2612] [suspension of driver's license upon refusal of driver to take breath analysis test]; *Memphis Light Gas & Water Div. v. Craft* (1978) 436 U.S. 1 [56 L.Ed.2d 30, 98 S.Ct. 1554] [termination of municipal utility service]; *Dixon v. Love* (1977) 431 U.S. 105 [52 L.Ed.2d 172, 97 S.Ct. 1723] [revocation of driver's license]; *Soffer v. City of Costa Mesa* (C.D. Cal. 1985) 607 F.Supp. 975, affd. (9th Cir. 1986) 798 F.2d 361 [towing of abandoned car]; *Peretto v. Department of Motor Vehicles* (1991) 235 Cal.App.3d 449 [1 Cal.Rptr.2d 392] [suspension of driver's license]; *Escondido Imports, Inc. v. Department of Motor Vehicles* (1983) 145 Cal.App.3d 834 [193 Cal.Rptr. 772] [imposition of administrative fee for failure to timely comply with reporting requirements].) We conclude that the *Mathews* test is applicable here, and we examine the three factors set forth in *Mathews*.[5]

### 1. *Interest Affected.*

Plaintiff's interest in his money is certainly significant. However, the amount of money imposed as a parking penalty ($250) is not so great as to render the deprivation a serious loss to plaintiff. Moreover, in weighing the importance of this interest, "[t]he duration of any potentially wrongful deprivation of a property interest is an important factor . . . ." (*Mackey v. Montrym, supra,* 443 U.S. 1, 12 [61 L.Ed.2d 321, 331].) Obviously, the deprivation here is temporary, for if the contestant prevails at the hearing, the penalty is thereafter refunded.

We note, however, that there is nothing in the statutes to specify when the hearing must be held, when the hearing officer's decision must be rendered,

---

[4]The *Mathews* court distinguished *Goldberg* on the basis of the first two factors. In *Goldberg* the benefits were based on financial need; hence, the potential deprivation of income to the aid recipients in *Goldberg* pending the final administrative decision was likely to be greater than for the recipients of disability benefits. In welfare entitlement, a wide variety of information may be relevant to the decision to terminate, whereas in disability cases the decision turns on unbiased medical reports and there is less value in an evidentiary hearing. (424 U.S. at pp. 340-345 [47 L.Ed.2d at pp. 36-39].)

[5]Plaintiff relies primarily upon *Brooks v. Small Claims Court, supra,* 8 Cal.3d 661, in which the court held that a statutory requirement of an undertaking as a prerequisite to an appeal from a small claims court judgment denied the appellant procedural due process. *Brooks* was decided before *Mathews v. Eldridge,* and the California Supreme Court itself has questioned the continued vitality of the reasoning in *Brooks.* (See *Skelly v. State Personnel Bd.* (1975) 15 Cal.3d 194, 208-209 [124 Cal.Rptr. 14, 539 P.2d 774], characterizing *Brooks* and other cases requiring prior notice and hearing in every case as "rigid and mechanical.")

or when the contestant's deposit of the parking penalty must be refunded. The evidence submitted on the motion below indicates that once the penalty is deposited with the sheriff's department, a hearing is scheduled "promptly." Plaintiff did not proceed to the second step of the contest procedure; he filed this lawsuit before requesting a hearing. Hence, there is nothing in the record to indicate that the delay would be unreasonable or that the duration of the deprivation would be anything other than minimal.

### 2. Risk of Erroneous Deprivation.

Although the predicates for a parking ticket are objective facts within the personal observation of the ticketing officer, it is certainly conceivable that a ticketing officer could err in determining that a parking regulation had been violated. However, the procedures designed to guard against an erroneous deprivation need not be so comprehensive as to preclude any possibility of error. Where, as here, a prompt postdeprivation hearing is available to correct administrative error, the predeprivation procedure need only be "designed to provide a reasonably reliable basis for concluding that the facts justifying the official action are as a responsible governmental official warrants them to be." (*Mackey* v. *Montrym, supra,* 443 U.S. at p. 13 [61 L.ED.2d at p. 331].)

Here, the ticketing officer is an impartial governmental official presumably trained and experienced in parking violations. An officer may be subject to civil and criminal penalties for a willful misrepresentation of the facts. Moreover, the risk of error is alleviated by the initial review procedure. As implemented by the County, the initial review procedure allows the contestant to present his or her reasons for contesting the parking ticket. That written explanation is reviewed by a superior officer within the sheriff's department, not the person who wrote the ticket. The reviewing sergeant is authorized to undertake whatever investigation seems called for under the circumstances. Any obvious mistakes in the issuance of the ticket can be rectified at that stage.

### 3. Governmental Interest and Burdens.

The County asserts that it has an interest in obtaining the parking penalties in advance of the hearing to ensure prompt payment of the penalties, but this governmental interest is weak. If a parking violator does *not* contest the parking ticket and does not pay the parking penalty, the violator is sent a notice of delinquency. (§ 40206.) The violator then has an additional 10 days to pay the parking penalty without any additional fees or charges. (§ 40207.) The County has no legitimate interest in obtaining the parking penalties from contestants more promptly than from noncontestants.

Nevertheless, the government and the public do have an interest in conserving administrative resources (*Mathews* v. *Eldridge*, *supra*, 424 U.S. at p. 348 [47 L.Ed.2d at p. 41]), and it would obviously impose substantial fiscal and administrative burdens upon the County if a hearing were required in every case before the parking penalty could be imposed.[6] The requirement that the penalty be paid in advance of the hearing has the salutary effect of reducing the use of the contest procedure as a dilatory tactic by parking violators.

On balance, we conclude that the statutory scheme for contesting parking tickets does not violate due process requirements. There is no likelihood that the contestant will suffer a serious or permanent loss of money, and the initial administrative review procedure is sufficiently reliable to minimize the risk of an erroneous determination by the ticketing officer. We therefore conclude that an evidentiary hearing need not be held before the contestant deposits the parking penalty.

## II. *Administrative Fee*

Plaintiff argues that there is no statutory authority for the County's imposition of a "processing fee" payable in advance of the administrative hearing. The argument has merit.

A parking ticket must be accompanied by a written notice of the "parking penalty" due for the parking violation. (§ 40203.) Section 40200.7 provides that before a contestant may obtain administrative review, the contestant must deposit with the processing agency "the full amount of the parking penalty . . . ." By the terms of the statute, then, the amount which the contestant must pay in advance is the amount of the parking penalty. There is no statutory requirement that the contestant also pay a processing fee.

The County responds by pointing to various sections of the Vehicle Code referring to "administrative fees." (§§ 40200.3, 40203.5, 40220.) We agree that the County has authority to impose an "administrative fee." We conclude, however, that such a fee is one which may be imposed when a parking ticket has gone unpaid, i.e., when the parking violator did not contest the

---

[6]The County draws an analogy to the procedure for protesting a tax assessment, but the analogy is not apt. Collection of taxes is one of the extraordinary circumstances justifying summary action. (*Dupuy* v. *Superior Court* (1975) 15 Cal.3d 410, 416-417 [124 Cal.Rptr. 900, 541 P.2d 540] [requirement that taxpayer furnish a bond to stay seizure of property did not violate due process].)

parking ticket and did not pay the penalty. There is no statutory authority for the County to impose a fee to defray the costs of a hearing on a parking ticket contest.

A close analysis of the statutory scheme is required. First, section 40203.5 requires each jurisdiction to establish a schedule of "parking penalties for parking violations, late payment penalties, administrative fees, and other related charges for parking violations." Administrative fees, then, are something above and beyond the parking penalty. As already noted, it is the parking penalty alone that the contestant must deposit with the processing agency before obtaining administrative review. (§ 40200.7.)

Section 40207 provides that if the vehicle's registered owner pays a delinquent parking ticket within 10 days of the mailing of the notice of the delinquent ticket, the parking penalty shall consist of the amount of the original penalty "without any additional administrative fees or charges." Again, we discern a distinction between the parking penalty and the administrative fees. Moreover, we discern that administrative fees are contemplated as charges to be imposed only when the delinquent parking ticket goes unpaid beyond this 10-day grace period. It would make no sense to impose an administrative fee upon a contestant who has paid the parking penalty in advance of administrative review, while imposing no administrative fee upon a parking violator who does not pay the parking penalty until after receiving notice of the delinquent ticket.

Indeed, it is when the parking penalty remains delinquent that the administrative fees come into play. Section 40220 provides that when a parking penalty has gone unpaid, the processing agency may notify the DMV of the "unpaid parking penalties and administrative and service fees . . . ." Section 4761 requires the DMV to include on each potential registration card issued at the time of renewal an itemization of "unpaid parking penalties, including administrative fees." And section 4760, subdivision (a), provides that the DMV shall refuse to renew the registration until the outstanding parking penalties and administrative fees are paid to the DMV. Section 40211 provides the procedure upon payment of the delinquent parking penalties to the processing agency after the DMV has been notified: proceedings against the parking violator will terminate if the parking penalty is paid "together with the administrative service fee" of the processing agency or issuing agency and, when relevant, the administrative fee of the DMV. (§ 40211, subds. (c), (d).)

In sum, then, when read together, these statutory provisions reveal that "administrative fees" which may be collected by a processing agency are

fees which may be imposed *after* a delinquent parking ticket has remained unpaid.[7] We find no authority for the imposition of a processing fee to be paid in advance of administrative review.

The order denying a preliminary injunction is reversed as to the processing fee and affirmed as to the parking penalty. Costs are awarded to appellant.

Strankman, P. J., and Stein, J., concurred.

A petition for a rehearing was denied June 1, 1995, and the opinion was modified to read as printed above.

---

[7]The County relies in part upon section 40200.3, which provides a procedure for the deposit and transfer of funds collected; the section refers to "[a]ll parking penalties collected by the processing agency, . . . including all administrative fees, process service fees, and fees and collection costs related to civil debt collection, . . ." There is nothing in this provision inconsistent with our reading of the statutory scheme.

The County additionally relies upon Government Code section 54985, subdivision (a), which permits a county to increase or decrease any fee authorized by law to recover the cost of providing any service. That statute has no application here, where the processing fee is not authorized by law.