Opinion
McKINSTRY, P. J.
Appellant received a notice of parking violation and requested review pursuant to Vehicle Code former section 40200.7. Dissatisfied with the result, he paid the civil penalty and demanded an administrative review pursuant to Vehicle Code former section 40200.7 and section 40215. The issuance of notice was sustained and appellant sought further review by filing an appeal in the municipal court under Vehicle Code section 40230. Appellant did not prevail in his appeal and now purports to appeal to the appellate department of the superior court. We conclude that an appeal to this court does not lie.
“Superior courts have appellate jurisdiction in causes prescribed by statute that arise in municipal courts in their counties.” (Cal. Const., art. VI, § 11.) This appellate jurisdiction is “wholly statutory, and no judgment or order of an inferior court is appealable . . . unless expressly so declared.” (Cash v. Superior Court (1973) 35 Cal.App.3d 226, 229 [110 Cal.Rptr. 612].) An appeal from a Vehicle Code section 40230 appeal is not expressly provided for in either Code of Civil Procedure section 904.2 or Penal Code section 1466. Since no further appeal is expressly provided for from a municipal court appeal under Vehicle Code section 40230, we find that this appellate department is without jurisdiction to consider this purported appeal.
*Supp. 12 “In 1992 the Legislature substantially changed the way parking violations, are handled. ...[*]□ The Legislature has provided for a two-step process when a person questions his or her notice of a parking violation (parking ticket).” (Tyler v. County of Alameda (1995) 34 Cal.App.4th 777, 780 [40 Cal.Rptr.2d 643].) The process involves an investigation and then administrative review within the processing agency. (See Veh. Code, former § 40200.7, § 40215; Love v. City of Monterey (1995) 37 Cal.App.4th 562, 566-571 [43 Cal.Rptr.2d 911].) Judicial review is provided for by an appeal to the municipal court. This appeal is “heard de novo.” (Veh. Code, § 40230, subd. (a).) As such, this de novo appeal is similar to a small claims appeal. However, it differs from a small claims appeal in that “the processing agency’s file in the case shall be received in evidence.” (Veh. Code, § 40230, subd. (a).) No express provision is made for further appeal to the appellate department.
We conclude that the Legislature intended this “de novo” review of the administrative decision to be the extent of the process due a parking violation contestant. Thus, the adjudicative process ends in the municipal court. The enforcement of any civil penalty is not before us and we express no opinion on that subject. Since we are of the view that this appeal is not one of the “causes prescribed by statute,” and that this matter did not “arise” or originate in the municipal court, we conclude that this court is without jurisdiction to consider and further appeal in this matter.
Accordingly, we determine that no further appeal may be heard by the appellate department from a municipal court appeal determined under Vehicle Code section 40230. This appeal is dismissed.
Sutter, J., and Lambden, J., concurred.