Opinion
TODD, J.
Appellant received two parking citations (Nos. 439196914 and 439345830) for violating Los Angeles Municipal Code section 80.69.2 (commercial vehicle parking in a residential area). A City of Los Angeles Department of Transportation hearing examiner found appellant to be liable for the violations. Appellant appealed the hearing examiner’s determination to the municipal court, which affirmed the decision of the department of transportation and overruled appellant’s legal challenges to Los Angeles Municipal Code section 80.69.2 and Vehicle Code section 40200 et seq. Appellant has attempted to appeal to this court. We are persuaded by the holding of Lagos v. City of Oakland (1995) 41 Cal.App.4th Supp. 10 [49 Cal.Rptr.2d 203] and conclude that there is no right to appeal from the municipal court’s decision.
California Constitution, article VI, section 11 provides in relevant part that “[s]uperior courts have appellate jurisdiction in causes prescribed by statute *Supp. 9 that arise in municipal courts in their counties.” (Italics added.) Hence, appellate jurisdiction of the superior courts is purely statutory. (See 2 Witkin, Cal. Procedure (4th ed. 1996) Courts § 173, p. 231.) Code of Civil Procedure section 904.2 sets forth the appellate jurisdiction of the superior court in civil cases. That section provides for appeals from municipal court final judgments other than judgments of contempt and from various orders made by the municipal court. There is no specific provision for an appeal from the municipal court’s determination of liability for a parking violation pursuant to Vehicle Code section 40230. We therefore consider whether, as appellant asserts, the Legislature intended for the municipal court’s decision under that section to constitute an appealable judgment under Code of Civil Procedure section 904.2, subdivision (a).
Vehicle Code[1] section 40200 et seq. sets forth a comprehensive statutory scheme governing parking violations other than misdemeanors. Under these statutes, parking violations are subject to civil penalties, which “shall be governed by the civil administrative procedures set forth in this article.” (§ 40200, subd. (a).) Section 40205 provides: “If a person contests the parking violation, the processing agency shall proceed in accordance with Section 40215.”[2] Section 40215, subdivision (a) sets forth procedures for “an initial review of the notice by the issuing agency.” Section 40215, subdivisions (b) and (c) set forth procedures for a subsequent administrative hearing if the person contesting the parking violation is dissatisfied with the results of the initial review. Such hearing “shall provide an independent, objective, fair, and impartial review of contested parking violations” (§ 40215, subd. (c)(3)), and must be conducted by an independent, unbiased, and trained hearing examiner. (§ 40215, subd. (c)(4).) A person may seek further review of the administrative hearing by filing “an appeal to be heard by the . . . municipal court, where the same shall be heard de novo . . . .” (§ 40230, subd. (a).)[3] Section 40200 et seq. contains no provision for further review of the municipal court’s decision.
In enacting section 40200 et seq., the Legislature “removed parking tickets from the jurisdiction of the criminal courts and provided for administrative procedures instead, followed by optional judicial review [in the *Supp. 10 municipal court]. The Legislature made the following findings, ‘(a) Existing statutory requirements for enforcing and contesting unlawful standing and parking violations in the courts impose an unnecessary burden on the motorists and the public. [ID (b) Criminal penalties are not appropriate sanctions for standing and parking violations; and criminal procedures are not necessary for the fair enforcement of those violations. HD (c) With the enactment of appropriate fiscal and procedural safeguards, cities, counties, districts, public colleges and universities, and other public entities can collect most standing and parking penalties, and fairly resolve most contested parking violations without court involvement.’ [Citation.]” (Love v. City of Monterey (1995) 37 Cal.App.4th 562, 566-567 [43 Cal.Rptr.2d 911], italics added; see also Tyler v. County of Alameda (1995) 34 Cal.App.4th 777, 780-781 [40 Cal.Rptr.2d 643].)
In view of the specific and comprehensive nature of the statutory scheme provided in section 40200 et seq., and the clear legislative intent that the courts have limited involvement in the determination of liability for parking violations, we conclude that the procedure for review set forth in section 40200 et seq. is the only procedure available to contest a parking citation. We therefore hold that the municipal court’s decision regarding liability for a citation does not constitute an appealable judgment under Code of Civil Procedure section 904.2, subdivision (a).
The appeal is ordered dismissed.[4] Respondent to recover costs on appeal.
Johnson, P. J., and Roberson, J., concurred.

All further statutory references will be to the Vehicle Code unless otherwise indicated.

The processing agency is the party responsible for the processing of notices of parking violations and notices of delinquent parking violations. (§ 40200.6, subd. (a).)

In his supplemental brief addressing the propriety of his appeal to this court, appellant focuses on Ms right to judicial review of the department of transportation’s decision. Appellant fails to recogmze that the Legislature has provided for such review m the mumcipal court. Although appellant argues that such review is insufficient because the mumcipal court officer hearing the matter “is often not even a duly appointed judge,” in this case a judge conducted the review, and therefore the issue appellant raises is not before us. (See 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 243, p. 249.)

In view of our conclusion that we have no jurisdiction here, we express no opinion regarding appellant’s contentions.