Filed 3/10/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| COUNTY OF HUMBOLDT,<br><br>　　　Petitioner,<br><br>v.<br><br>APPELLATE DIVISION OF THE SUPERIOR COURT OF HUMBOLDT COUNTY,<br><br>　　　Respondent;<br><br><br>ALEJANDRO QUEZADA,<br><br>　　　Real Party in Interest. | A157609<br><br>(Humboldt County Super. Ct. No. CV180055) |

Government Code section 53069.4 (section 53069.4) was enacted to give local governments the authority to assess administrative fines or penalties for violation of any local ordinance. Judicial review of a final administrative order or decision may be obtained either by petition for writ of mandate or by a limited de novo appeal to the superior court of the county. In the proceedings below, petitioner Humboldt County Code Enforcement (County) brought an enforcement action against real party in interest Alejandro Quezada for conditions on his property which were deemed public nuisances in violation of county ordinance. Quezada sought review of the adverse agency determination through a de novo appeal to the superior court, which reduced the administrative penalty from $88,800 to $59,200.

Although the amount in controversy unquestionably exceeded the $25,000 threshold for a limited civil case, the County appealed to respondent appellate division of the superior court based on subdivision (b)(1) of section 53069.4, which provides that "a proceeding under this subdivision is a limited civil case." Respondent, however, concluded that "no right to appeal exists in a code enforcement proceeding beyond that specified in Government Code § 53069.4(b)"—thus finding a superior court order after a de novo appeal under section 53069.4 to be final and nonreviewable. Respondent dismissed the County's appeal for lack of jurisdiction. The County filed the instant writ petition, asking us to determine whether a superior court judgment from a de novo appeal under section 53069.4 is itself appealable.

We conclude that in an unlimited civil action such as the present one, a final judgment or order from a de novo appeal to the superior court under section 53069.4 is itself reviewable on appeal to an intermediate appellate court. (Code Civil Proc., § 904.1, subd. (a)(1).)[1] Accordingly, we issue a peremptory writ of mandate directing respondent appellate division to vacate its May 7, 2019 order dismissing the County's appeal and to issue a new order transferring the case to this court for further proceedings.

## I. BACKGROUND

In October 2017, the County issued a notice of violation and proposed administrative civil penalty against Alejandro Quezada for conditions existing on a property he owned in Bridgeville, which were alleged to constitute public nuisances in violation of various provisions of the Humboldt County Code (HCC). The violations included the presence of an inoperable

---

[1] Because the code enforcement action below was incorrectly classified a limited civil action, we do not reach the question whether judgment from an appeal under section 53069.4 in a limited civil matter is appealable to the appellate division of a superior court.

and/or junk vehicle (HCC, § 354-1), an unapproved sewage disposal system (HCC, § 611-3), improper storage and removal of solid waste (HCC, § 521-4), construction of structures without proper permits (HCC, § 331-28), unpermitted grading (HCC, § 331-14), and violation of the commercial cannabis land use ordinance (HCC, § 314-55.4).  The notice further indicated that if the violations were not remediated within 10 calendar days of service of the notice, a daily administrative penalty of $10,000 could be imposed for a period of up to 90 days.  (See HCC, § 352-5.)

Quezada challenged the matters covered by the notice and requested an administrative hearing.  Following the December 2017 hearing, the hearing officer concluded that each of the six violations set forth above constituted a public nuisance, that various actions were required to correct the violations, and that the County was entitled to civil penalties of $88,800.  The hearing officer's January 2018 order memorialized these determinations and informed Quezada that the decision could be appealed to the superior court in accordance with section 53069.4 or reviewed by petition for writ of mandate within the timeframes set forth in Code of Civil Procedure section 1094.6.

Quezada elected to file a notice of appeal in the superior court, seeking a de novo review of the matter under section 53069.4.  His notice of appeal did not designate the action as either limited or unlimited.  After reviewing the administrative record and considering the written and oral arguments of the parties, the superior court issued its ruling on appeal de novo in October 2018.  The court concluded that the six violations at issue qualified as nuisances under the county code.  However, it reduced the total fine payable by Quezada to $59,200.  In doing so, the court rejected the County's position that the maximum daily penalty of $10,000 should be assessed for 37 days, a

3

total of $370,000.  The court entered a judgment in the de novo appeal reflecting its findings and orders on November 27, 2018.

Not satisfied with the superior court's decision in the matter, the County appealed to respondent appellate division of the superior court using the designated Judicial Council form for a limited civil case.  On December 21, 2018, respondent issued an order to show cause as to why the appeal should not be dismissed for lack of jurisdiction.  The order to show cause expressed doubt that the superior court's ruling was appealable because Code of Civil Procedure section 904.2, which lists the types of orders or judgments from which an appeal may be taken in limited civil cases, does not specifically mention orders from a de novo appeal under section 53069.4. In response, the County argued that the superior court's decision was appealable in the same manner as any other judgment made final and conclusive by law.  (Code Civ. Proc., § 904.2, subd. (a).)  The County asserted that "fairness considerations" supported appealability given the significant amount in controversy.

On May 7, 2019, respondent issued an order dismissing the appeal for lack of jurisdiction.  The court found "that no right to appeal exists in a code enforcement proceeding beyond that specified in Government Code § 53069.4(b)."  Judge Canning dissented, concluding that a decision after a section 53069.4 appeal de novo is appealable under Code of Civil Procedure section 904.2, subdivision (a), as a final judgment in a limited civil action.

The County then filed the instant petition challenging the appellate division's dismissal of its code enforcement appeal.  On September 13, 2019, we issued an order to show cause why the relief requested by the County should not be granted.  No return having been filed, the matter is now fully briefed and before us for decision.

## II.  DISCUSSION

**A.**  ***Humboldt County's Ordinance Implementing Section 53069.4***

Section 53069.4 authorizes local governments to enact an administrative process to enforce violations of any ordinance through the imposition and collection of administrative fines or penalties.  (See Legis. Counsel's Dig., Sen. Bill No. 814, Stats. 1995, ch. 898 (1995-1996 Reg. Sess.).)  The law was intended "to provide a faster and more cost-effective enforcement mechanism than criminal prosecution for the violation of a local ordinance."  (94 Ops.Cal.Atty.Gen. 39, 43 (2011).)  The statute provides that the legislative body of a local agency "may by ordinance make any violation of any ordinance enacted by the local agency subject to an administrative fine or penalty."  (§ 53069.4, subd. (a)(1).)  Despite its broad applicability, the requirements for implementing a code enforcement process are relatively basic:  "The local agency shall set forth by ordinance the administrative procedures that shall govern the imposition, enforcement, collection, and administrative review by the local agency of those administrative fines or penalties."  (*Ibid.*)  Any such administrative procedures must provide for "a reasonable period of time, as specified in the ordinance, for a person responsible for a continuing violation to correct or otherwise remedy the violation prior to the imposition of administrative fines or penalties, when the violation pertains to building, plumbing, electrical, or other similar structural or zoning issues, that do not create an immediate danger to health or safety."  (*Id.*, subd. (a)(2)(A).)[2]

---

[2] Section 53069.4 contains several provisions that pertain to fines for the illegal cultivation of cannabis.  (§ 53069.4, subds. (a)(2)(B) & (a)(2)(C).)  These provisions did not become effective until January 1, 2019 and are therefore not relevant to these proceedings.  (Stats. 2018, ch. 316, § 1 (Assem. Bill No. 2164).)

Section 53069.4, subdivision (b)(1), which provides for judicial review of a local agency's final administrative order in a code enforcement action, states as follows: "Notwithstanding Section[s] 1094.5 or 1094.6 of the Code of Civil Procedure, within 20 days after service of the final administrative order or decision of the local agency is made pursuant to an ordinance enacted in accordance with this section regarding the imposition, enforcement, or collection of the administrative fines or penalties, a person contesting that final administrative order or decision may seek review by filing an appeal to be heard by the superior court, where the same shall be heard de novo, except that the contents of the local agency's file in the case shall be received in evidence. A proceeding under this subdivision is a limited civil case. A copy of the document or instrument of the local agency providing notice of the violation and imposition of the administrative fine or penalty shall be admitted into evidence as prima facie evidence of the facts stated therein."

Under the authority granted by section 53069.4, Humboldt County adopted a procedure for the imposition of administrative civil penalties within the unincorporated area of the county. (HCC, § 352-1; see generally HCC, §§ 352-1 through 352-28.) The procedure authorizes a daily administrative civil penalty of up to $10,000 for up to 90 days for "[a]ny and all Violations." (HCC, § 352-5, subd. (a).) "Violation" is broadly defined to include any failure to comply with the provisions of the HCC or other adopted uniform codes; any failure to comply with an order of the Humboldt County Board of Supervisors or subordinate board, commission, department, hearing officer, examiner, or official; or any failure to comply with a condition imposed by an entitlement, permit, contract, or environmental document issued or approved by the county. (HCC, § 352-3, subd. (t).) The amount of any administrative civil penalty for a particular violation is established after

6

consideration of a nonexclusive list of factors related to the severity and willfulness of the conduct. (HCC, § 352-6.)

As discussed above, imposition of an administrative civil penalty in accordance with a local ordinance adopted pursuant to section 53069.4 is expressly reviewable by appeal de novo in the superior court. The question we consider in this writ proceeding is whether the superior court's final decision after an appeal de novo is itself appealable. "Because this issue presents a pure question of law and does not involve the resolution of disputed facts, we apply the de novo standard of review." (*Stratton v. Beck* (2017) 9 Cal.App.5th 483, 491 (*Stratton*).) We begin by determining whether this code enforcement proceeding was appropriately classified as a limited civil action. (See Code Civ. Proc., § 32.5 ["the 'jurisdictional classification' of a case means its classification as a limited civil case or an unlimited civil case"].) We conclude it was not.

## B.  *Jurisdictional Classification*

 "The classification of civil cases as limited or unlimited has its roots in the historic division between municipal and superior courts. [Citation.] Historically, lower civil courts were divided into municipal courts, which had subject matter jurisdiction over cases where the amount in controversy was $25,000 or less, and superior courts, which had subject matter jurisdiction over cases involving more than $25,000. [Citation.] 'A case filed in the superior court whose amount in controversy did not meet the jurisdictional minimum was subject to "transfer" of jurisdiction . . . from superior court to the municipal court.' " (*Stratton*, *supra*, 9 Cal.App.5th at p. 491.) "In 1998, an amendment to the California Constitution 'unif[ied]' the two separate systems 'into a single superior court system having original jurisdiction over all matters formerly designated as superior court and municipal court

7

actions.' [Citation.] 'After unification, the municipal courts ceased to exist. [Citation.] Now civil cases formerly within the jurisdiction of . . . municipal courts are classified as "limited" civil cases, while matters formerly within the jurisdiction of the superior court[] are classified as "unlimited" civil action[s]. [Citations.]' [Citation.] The classification of a civil case as limited or unlimited no longer affects the subject matter jurisdiction of the superior court." (*Stratton*, at p. 492.)

As several courts have observed, the designation of a civil case as either limited or unlimited has "significant implications" as it affects the relevant forum where the case may be heard and its applicable procedures, the forms of relief that are available and amount of damages that may be recovered, and the relevant tribunal where an appeal from a judgment or order may be taken. (*Ytuarte v. Superior Court* (2005) 129 Cal.App.4th 266, 274–275; *Stratton*, *supra*, 9 Cal.App.5th at p. 492; compare Code Civ. Proc., § 904.2 ["An appeal of a ruling by a superior court judge or other judicial officer in a limited civil case is to the appellate division of the superior court."] with Code Civ. Proc., § 904.1, subd. (a) ["An appeal, other than in a limited civil case, is to the court of appeal."].) The statutory scheme governing the designation of civil actions makes clear that "a civil case is classified as unlimited by default; extra requirements must be satisfied to render a case limited." (*Stratton*, at p. 493; Code Civ. Proc., § 85, subd. (a).)

Section 53069.4 expressly states that where a party contests a final administrative decision or order in a code enforcement action through a de novo appeal in the superior court, such "proceeding . . . is a limited civil case." (§ 53069.4, subd. (b)(1).) In accordance with this language, the County appealed the superior court's judgment below to respondent appellate division of the superior court, the tribunal with appellate jurisdiction over

8

limited civil actions.  When respondent subsequently dismissed the appeal for lack of jurisdiction, it did so not because it believed the case had been improperly classified as limited but because it concluded there was no right to appeal a code enforcement action brought pursuant to section 53069.4 beyond the de novo proceedings in the superior court.

As the County correctly points out for the first time in its petition in these writ proceedings, however, the code enforcement action at issue here must be deemed an unlimited civil case, not a limited one.  Section 53069.4 does not tell the whole story with respect to the appropriate jurisdictional classification of civil cases brought under its terms.  Rather, Code of Civil Procedure section 85 additionally provides that "*notwithstanding any statute that classifies an action or special proceeding as a limited civil case*, an action or special proceeding *shall not* be treated as a limited civil case unless *all* of [three] conditions are satisfied."  (Italics added.)  The first of these three conditions requires that "[t]he amount in controversy does not exceed twenty-five thousand dollars ($25,000)."  (Code Civ. Proc., § 85, subd. (a).)  In addition, the relief sought must be of "a type that may be granted in a limited civil case" (*id.*, subd. (b)) and must be "exclusively of a type described in one or more statutes that classify an action or special proceeding as a limited civil case" (*id.*, subd. (c)).  Code of Civil Procedure section 85 provides a nonexhaustive list of statutes that classify an action or special proceeding as a limited civil case, a list which includes section 53069.4.  (Code Civ. Proc., § 85, subd. (c)(14).)  Since it is apparent that the Legislature was aware of section 53069.4 when it adopted new requirements for classification of limited civil actions, and Code of Civil Procedure section 85 expressly supersedes any other statute classifying an action or proceeding as limited, it

is ineluctable that a section 53069.4 appeal in which the amount in controversy exceeds $25,000 must be classified as an unlimited civil action.

In the code enforcement proceedings below, the administrative hearing officer found that the County was entitled to $88,800 in administrative civil penalties pursuant to HCC section 352-2 as a result of the multiple code violations on the property. Even after the total penalties were reduced to $59,200 by the superior court in its ruling on appeal de novo, the amount in controversy was significantly more than the $25,000 ceiling for a limited civil action. (See Code Civ. Proc., § 85, subd. (a) [" 'amount in controversy' means the amount of the demand, or the recovery sought, or the value of the property, or the amount of the lien, that is in controversy in the action, exclusive of attorneys' fees, interest, and costs"].)

In addition, "[a] civil case is jurisdictionally classified as either limited or unlimited civil at its outset" and " 'that classification normally continues throughout the litigation' " unless reclassification is affirmatively sought. (*Stratton*, *supra*, 9 Cal.App.5th at p. 493; see Code. Civ. Proc., §§ 403.010– 403.090 [authorizing reclassification under various circumstances].) Quezada did not designate his action as a limited civil matter when he filed his notice of appeal with the superior court and none of the papers filed in the superior court proceeding captioned the matter as a limited civil case. (See *id.*, § 422.30, subd. (b) ["In a limited civil case, the caption shall state that the case is a limited civil case, and the clerk shall classify the case accordingly."]; Cal. Rules of Court, rule 2.111(10) [requiring the words " 'Limited Civil Case' " in the "caption of every pleading and every other paper filed in a limited civil case"]; see also *Stratton*, at p. 493 ["a persuasive argument may be made that a party filing the case without indicating that he or she wishes the case to be limited intends it to be unlimited"].) The parties did not file a

motion to reclassify the proceeding as a limited civil action and there is no indication the superior court contemplated doing so. Rather, respondent appellate division and the parties appear to have simply assumed that the case was a limited one based on the language in section 53069.4. Given these circumstances—and in particular an amount in controversy significantly above statutory limits—we conclude that the code enforcement case is and always has been an unlimited civil action. We thus address the appealability of the superior court's final order resolving the de novo appeal under section 53069.4 as an unlimited civil matter.

## C. *Appealability of the Superior Court's Order*

We begin with the well-settled principle that " 'the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute.' " (*People v. Mazurette* (2001) 24 Cal.4th 789, 792; see *Dana Point Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5 (*Dana Point*).) Code of Civil Procedure section 904.1—the general statute enumerating appealable judgments and orders in unlimited civil actions—provides that an appeal may be taken from a judgment (except certain interlocutory judgments or judgments of contempt), from various specified orders, and from orders made appealable by the Probate Code or the Family Code. (Code Civ. Proc., § 904.1, subds. (a)(1–14) & (b).) " 'A judgment is the *final* determination of the rights of the parties in an action or proceeding . . .' [citation] . . . [and] 'is final "when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." ' " (*Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 304.) " ' "It is not the form of the decree but the substance and effect of the adjudication which is determinative. As a general test, which must be adapted to the particular circumstances of the individual

11

case, it may be said that *where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final*, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory." ' " (*Dana Point*, at p. 5.)

A statutory right of appeal from final judgments and orders "has been long established" and "extends even to 'special proceedings [including] those intended to be summary in nature' " unless the Legislature expressly prohibits it. (*Agricultural Labor Relations Bd. v. Tex-Cal Land Management, Inc.* (1987) 43 Cal.3d 696, 705 (*Tex-Cal*).) "[W]e have repeatedly held that if the Legislature intends to abrogate the statutory right to appeal, that intent must be clearly stated. 'The right of appeal is remedial and in doubtful cases the doubt should be resolved in favor of the right whenever the substantial interests of a party are affected by a judgment.' " (*In re Matthew C.* (1993) 6 Cal.4th 386, 394 (*Matthew C.*), superseded by statute on another point as stated in *People v. Mena* (2012) 54 Cal.4th 146, 156–157; 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 2, p. 62 ["As a matter of statutory construction, where the right to appeal is in doubt, that doubt should be resolved in favor of the right."].)

In *City of Santa Cruz v. Patel* (2007) 155 Cal.App.4th 234 (*Patel*), the appellate court concluded that a trial court order compelling compliance with a legislative subpoena issued pursuant to Government Code section 37104 was appealable. (*Patel*, at p. 240.) The statutory scheme provided for "an original proceeding in the superior court, initiated by the mayor's report to the judge, which results in an order directing the respondent to comply with a city's subpoena." (*Id.* at p. 242.) Noting a split of authority on the question, the *Patel* court concluded that such orders are appealable as final judgments.

12

"Whether the matter is properly characterized as an 'action' (Code Civ. Proc., § 22) or a 'special proceeding' (Code Civ. Proc., § 23), it is a final determination of the rights of the parties." (*Patel*, at p. 242.) Since the superior court's order "determined all of the parties' rights and liabilities at issue in the proceedings" and the "only determination left was the question of future compliance, which is present in every judgment," the compliance orders at issue were final judgments and therefore appealable pursuant to Code of Civil Procedure section 904.1, subdivision (a)(1). (*Patel*, at p. 243.) *Patel* observed that such a compliance order "is tantamount to a superior court judgment in mandamus, which, with limited statutory exceptions, is appealable." (*Id.* at p. 242.) The Supreme Court expressly endorsed this analysis in *Dana Point* and disapproved authorities to the contrary. (*Dana Point*, *supra*, 51 Cal.4th at pp. 8–11 & fn. 6.)

With these principles in mind, we conclude that a superior court order that conclusively resolves the merits of a de novo appeal under section 53069.4 in an unlimited civil matter is a final judgment, appealable to an intermediate appellate court under Code of Civil Procedure section 904.1, subdivision (a)(1). Although not determinative, the superior court expressly stated it was issuing a "judgment" in the code enforcement proceedings here at issue. The superior court's judgment concluded that the County had adequately established several public nuisance conditions on the property in violation of the HCC and ordered Quezada to pay a total civil penalty of $59,200. The court had thus "determined all of the parties' rights and liabilities at issue in the proceedings" (*Patel*, *supra*, 155 Cal.App.4th at p. 243) and left "nothing to the party against whom judgment is rendered except to comply" (*Dana Point, supra*, 51 Cal.4th at p. 11).

13

In addition, although designated an "appeal" by section 53069.4, the de novo review process authorized by that statute is, in essence, an original proceeding in the superior court reviewing the propriety of a local agency's final administrative decision after hearing to impose fines or penalties. As in *Patel*, it is "tantamount to a superior court judgment in mandamus," which is generally appealable. (*Patel*, *supra*, 155 Cal.App.4th at p. 242; see Code Civ. Proc., § 1094.5, subd. (a); *JKH Enterprises, Inc. v. Department of Industrial Relations* (2006) 142 Cal.App.4th 1046, 1056–1057 & fns. 9–10 (*JKH Enterprises*) [discussing appellate review of administrative mandate proceedings].) We conclude the superior court order below was an appealable final judgment.[3]

Our conclusion that such orders are appealable is further underscored by the nature of code enforcement actions authorized under section 53069.4 and the absence of any legislative intent to abrogate the right of appeal. As discussed above, section 53069.4 authorizes local governments like Humboldt County to impose administrative fines and penalties for violation of *any* ordinance, from run-of-the-mill infractions such as failing to register an alarm business (HCC, § 916-12) or obtaining a dog license (HCC, § 541-32) to more serious public nuisances that pose health and safety risks to the public. (See, e.g., HCC, § 521-4 [improper storage/removal of solid waste].) Unless a code violation is designated an infraction, section 53069.4 places no limit on the amount the local agency can assess for the violation. (See section 53069.4, subd. (a)(1) [capping fines for local infractions under Gov. Code, §§ 25132 & 36900, subd. (b) to maximum of $100 to $2,500].) Penalties and

---

[3] This was the conclusion of the dissenting judge on the appellate division panel, although he determined that the superior court's order was a final judgment in a *limited* civil action and therefore appealable pursuant to Code of Civil Procedure section 904.2.

14

fines can be considerable.  Here, for example, the County sought $370,000 in civil penalties against Quezada.  Indeed, the superior court below reduced the requested fine in part because it concluded that a higher penalty "would effectively divest the property owner of ownership which is contrary to the purpose of Code Enforcement goals."

When code enforcement actions authorized under section 53069.4 expose parties to significant administrative fines or penalties or other onerous consequences, the general appeal provisions of the Code of Civil Procedure dictate that parties have a statutory right to seek appellate review of a final judgment or order that affects their substantial interests.  The Legislature may foreclose the right of appeal, but it must do so expressly. (*People v. Bank of San Luis Obispo* (1907) 152 Cal. 261, 264 [general right of appeal extends to special proceedings, including those intended to be summary in character, unless the Legislature "expressly declare[s]" otherwise]; see, e.g., *Tex-Cal*, *supra*, 43 Cal.3d at pp. 704–705 [rejecting argument that labor code provision authorizing discretionary writ review of labor board's decision was exclusive means of obtaining judicial review; superior court judgment enforcing labor board's order was appealable under general appeal statute]; *Knoll v. Davidson* (1974) 12 Cal.3d 335, 343 ["It is still clear today that unless the statute creating the special proceeding prohibits an appeal, there is an appeal from a final judgment entered in a special proceeding."]; *Matthew C.*, *supra*, 6 Cal.4th at p. 394.)  Whether as a special proceeding or an action, we find no evidence that the Legislature expressly abrogated the general right of appeal from a final judgment or order arising from a de novo appeal under section 53069.4.

The statutory text of section 53069.4 does not disclose a clear intent to foreclose the right of appeal.  Section 53069.4, subdivision (b)(1) provides two

15

avenues of judicial relief from an administrative decision imposing a fine or penalty in accordance with section 53069.4: "A petition for writ of mandate pursuant to Code of Civil Procedure section 1094.5 or an appeal to the superior court pursuant to Government Code section 53069.4." (*County of Sonoma v. Gustely* (2019) 36 Cal.App.5th 704, 711; see *Martin v. Riverside County Dept. of Code Enforcement* (2008) 166 Cal.App.4th 1406, 1411–1412.) The statute is otherwise silent as to the appealability of a superior court's final judgment or order from such proceedings. As discussed above, a judgment in an administrative mandamus action is generally appealable. (*JKH Enterprises*, *supra*, 142 Cal.App.4th at pp. 1056–1057; Code Civ. Proc., § 1094.5, subds. (f) & (g); see, e.g., *Martin*, at pp. 1412–1414 [resolving on the merits an appeal from an administrative writ proceeding challenging a final administrative order under section 53069.4 and local ordinance].) Construing section 53069.4 to revoke the statutory right of appeal from a de novo review proceeding but not an administrative mandamus proceeding would lead to the anomalous result that one party could cut off another party's appellate rights simply by choosing a particular type of review in the superior court. We will not infer such an outcome in the absence of a clear expression of legislative intent.

Nor does the legislative history evince a clear intent to make the superior court the tribunal of last resort for code enforcement actions that involve substantial administrative fines or penalties. When section 53069.4 was enacted, the Legislature modeled its de novo appeal process after a similar one authorized under section 40230 of the Vehicle Code for parking violations. The object of the legislation was to provide a "faster, easier, fairer approach" for addressing municipal code violations by "getting the issues out of the courts" while "saving public and private funds." (Sen. Comm. on Crim.

16

Proc., Analysis of Sen. Bill No. 814 (1995-1996 Reg. Sess.), as introduced Apr. 18, 1995, p. 3 ["The bill provides for an appeal process similar to the one for parking violations. Within 20 days after the administrative order or decision of the local agency a person may contest the order by filing an appeal in the municipal court. The appeal will be heard de novo."]; see Assem. Com. on Public Safety, 3d reading analysis of Sen. Bill No. 814 (1995-1996 Reg. Sess.), as amended Aug. 21, 1995 [section 53069.4 "closely mirrors" the parking citation statute, which "avoid[s] the necessity of a criminal prosecution" and makes parking violations "subject to civil penalties enforceable through civil administrative procedures."].)

While section 53069.4 borrows the de novo judicial appeal process from its parking citation counterpart, the Legislature was aware that section 53069.4 differed with respect to the complexity and seriousness of the violations that potentially fell within the statute's purview. As the initial committee analysis acknowledged: "The sponsor states that this fine system could be utilized for violations such as false burglar alarms and the early setting out of yard wastes. However, this bill provides that an agency may pass a law which would make a violation of *any city ordinance* enforceable through the administrative process thus it would also apply to ordinances dealing with nuisance abatement, zoning regulations, curfews, etc." (Sen. Comm. on Crim. Proc., Analysis of Sen. Bill No. 814, *supra*, p. 3, italics added.) The analysis goes on to query whether it is "appropriate to have all ordinances enforced administratively." (*Id.* at p. 5, some capitalization omitted.)

Senate Bill No. 814 appears to address this concern by adding "the imposition of civil or administrative fines to the decisions which may be challenged by a writ of mandate under Code of Civil Procedure section

17

1094.6." (Sen. Comm. on Crim. Proc., Analysis of Sen. Bill No. 814, *supra*, p. 5; see Code Civ. Proc., § 1094.6, subd. (e) ["As used in this section, decision means a decision subject to review pursuant to Section 1094.5, suspending, demoting, or dismissing an officer or employee, revoking, denying an application for a permit, license, or other entitlement, *imposing a civil or administrative penalty, fine, charge, or cost*, or denying an application for any retirement benefit or allowance." (Code Civ. Proc., § 1094.6, subd. (e), amended by Stats. 1995, § 1, amended language in italics)].)[4] While the addition of writ review under Code of Civil Procedure section 1094.5 might suggest that the Legislature intended this to be the exclusive avenue for seeking appellate review of a superior court order in an administrative mandamus proceeding, the legislative record is simply too bare to draw this conclusion. (See *Tex-Cal*, *supra*, 43 Cal.3d at p. 705.)

In short, by authorizing local governments to establish a civil process under section 53069.4 to collect administrative fines and penalties for violation of "any" ordinance, the Legislature contemplated that enforcement proceedings would encompass a broad range of municipal transgressions, from minor infractions to serious violations where the amounts in controversy and other consequences can be significant. The Legislature adopted two alternative means for seeking redress of an administrative order or decision assessing a fine or penalty, a petition for writ of mandate or a de novo appeal to the superior court. Because the Legislature has not specifically prohibited the right of appeal from a de novo judicial proceeding under section 53069.4, and must resolve any doubt in favor of the right of

---

[4] Given our analysis of the legislative record specific to section 53069.4, we find appellate division decisions with respect to the parking citation program distinguishable. (See *Smith v. City of Los Angeles Dept. of Transportation* (1997) 59 Cal.App.4th Supp. 7; *Lagos v. City of Oakland* (1995) 41 Cal.App.4th Supp. 10.)

appeal where the substantial interests of a party are affected, we hold that a superior court order that conclusively resolves the merits of a de novo appeal under section 53069.4 in an unlimited civil matter is an appealable judgment under Code of Civil Procedure section 904.1, subdivision (a)(1).

**D.    *Appropriateness of Writ Review***

Having concluded that the superior court order below was an appealable judgment, we must resolve what the appropriate remedy should be.  Specifically, we must decide whether the County is entitled to relief by way of extraordinary writ.  "[W]here the lower court's decision amounts to a denial of a fair hearing on the merits, a writ of mandate may be proper." (*Brown Co. v. Appellate Department* (1983) 148 Cal.App.3d 891, 904, citing *Schweiger v. Superior Court* (1970) 3 Cal.3d 507.)  In *Schweiger*, for example, the Supreme Court granted relief in mandate after the Court of Appeal refused to transfer a case, despite certification by the superior court. (*Schweiger*, at pp. 517–518.)  In the underlying unlawful detainer action, the petitioner had been improperly denied a crucial defense by the trial court and was therefore deprived of his only opportunity to fully litigate the action on its merits.  (*Ibid.*)  Moreover, the petitioner had no remedy by way of appeal to correct the error once the appellate court refused transfer of the case.  (*Id.* at p. 517.)  In granting writ relief, the Supreme Court reasoned that " '[m]andamus is to be used to compel a court to give a full hearing to the case before it, not as to how it should rule with respect to the merits of the case.' " (*Id.* at p. 518.)  A writ of mandate is also an appropriate vehicle for considering issues of statewide importance.  (*Id.* at p. 511; *Green v. Superior Court* (1974) 10 Cal.3d 616, 621–622.)

Here, the respondent appellate division failed to recognize that the code enforcement appeal before it should have been transferred to this court for

19

resolution as an unlimited civil case and erroneously concluded that no appeal lies from a superior court's de novo decision in such a proceeding. These two errors combined to completely deprive the County of a fair hearing on the merits and left it no adequate appellate remedy to correct any error in the superior court's decision. Moreover, the question here at issue—whether a superior court's decision after a de novo appeal under section 53069.4 in an unlimited civil case is final and nonreviewable—has not been addressed in any published decision and would impact all local code enforcement proceedings. It is thus an issue of statewide importance. Under such circumstances, we deem review by way of writ of mandate appropriate. We will therefore rectify the situation before us by directing the appellate division to vacate its prior order and transfer the appeal to this court for resolution.

## III. DISPOSITION

The petition is granted. Let a peremptory writ of mandate issue directing respondent Appellate Division of the Superior Court of Humboldt County to vacate its May 7, 2019 order dismissing the County's code enforcement appeal and to issue a new and different order transferring the case to this court for further appellate consideration. The parties shall bear their own costs.

                                _____

                                Sanchez, J.

WE CONCUR:


_____

Margulies, Acting P.J.


_____

Banke, J.

*A157609  Humboldt County Code Enforcement v. Superior Court*

Trial Court:        Humboldt County Superior Court

Trial Judge:        Hon. Kelly L. Neel

Counsel:

Jeffrey S. Blanck, County Counsel, John B. Nguyen, Deputy County Counsel, for Petitioner.

No appearance for Respondent.

Kenneth M. Bareilles, for Real Party in Interest.

*A157609  Humboldt County Code Enforcement v. Superior Court*